RICHARD BROMLEY vs. WILLIAM W. MITCHELL & another.

Suffolk.    December 3, 1891. — February 24, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Deed — Equity Pleading — Parties.*

The owner of certain mortgage notes and deeds, two days before her death, made an absolute conveyance by deed of her entire property, which was all personalty, in trust to apply the income or proceeds thereof, in accordance with oral instructions previously given by her to the grantee, to the payment of her debts and certain expenses of her burial, to the repayment of advances to her from the grantee, and to the support of her husband during his life, any balance, with the exception of a small sum, to go to the grantee. *Held*, on a bill in equity brought by the grantee in his own name to recover possession of the notes and deeds, which were alleged to be held and secreted by the defendant so that they could not be come at to be replevied, that a finding was warranted that the deed was valid, and took effect upon delivery, and irrevocably; and that the plaintiff need not describe himself as trustee, nor make the grantor's executor or administrator a party.

BILL IN EQUITY, filed in this court on March 11, 1890, to compel the defendants to deliver to the plaintiff certain mortgage notes and mortgage deeds alleged to be his property, and so held and concealed by them that the plaintiff could not replevy them. The case was heard by *Knowlton*, J., who reported it for the consideration of the full court, and was as follows.

Mary J. B. Horton, on October 29, 1889, two days before her death, being the owner of the mortgage notes and deeds in question, did, by a deed to the plaintiff in which her husband joined, " grant, bargain, sell and convey and assign unto the said Richard Bromley, his heirs and assigns forever, all the real and personal estate of said Mary J. B. Horton, of whatever name, nature, or description, or wherever the same may be situated. To have and to hold the same in trust, nevertheless, for the following purpose: to take possession of the same and hold the same or sell or dispose of the same as he shall deem best, and to apply the income of or proceeds of the sale of the same in accordance with the instructions previously given to him by the said Mary J. B. Horton." It appeared that Mrs. Horton was of sound mind, and executed the deed voluntarily, fully understand-

ing the effect of her act; and it was not contended that there was any evidence which would justify a finding that any undue influence was exercised upon her to induce her to make it.

The judge found that before making the deed Mrs. Horton orally instructed the plaintiff to apply the proceeds of the property to be conveyed, consisting solely of personalty worth about $7000, after payment of her debts and certain expenses relative to her burial, to the payment first of what was due the plaintiff for money advanced for her use, and secondly to the proper maintenance and support of her husband during his life, any balance, after applying a comparatively small sum to a purpose not stated, to go to the plaintiff. · The husband of Mrs. Horton, who was about eighty years of age when she made the deed, died in the spring of 1890.

The judge also found that the plaintiff was entitled to a decree for the delivery of the mortgage notes and mortgage deeds as requested by him.

The defendants contended, first, that the deed conveyed no title to the plaintiff either individually or as trustee, because the trust on its face was too indefinite to be carried out, and because it could not be established against the heirs or next of kin of the grantor by evidence of oral communications made before or after the deed was executed; secondly, that the bill could not be maintained, because the plaintiff did not sue as trustee, but in his own name; and thirdly, that the bill could not be maintained without making the executor or administrator of Mrs. Horton a party.

If any of the defendants' objections were fatal to the plaintiff's suit in its present form, such decree was to be made, allowing the plaintiff to amend or otherwise, as justice and equity might require; otherwise, decree for the plaintiff.

*F. H. Williams*, (*E. D. Bassett* of Rhode Island & *F. M. Copeland* with him,) for the plaintiff.

*C. T. Russell*, (*C. A. Wilson* of Rhode Island with him,) for the defendants.

, HOLMES, J. This is a bill to recover possession of certain mortgage notes and mortgage deeds held and secreted by the defendants, so that they cannot be come at to be replevied. The defence is rested mainly on the invalidity of the deed under which the plaintiff claims title. The judge who tried the case found

the deed to be valid, and the question is whether there is any ground on which we can say, as matter of law, that he was wrong.

The deed is an absolute conveyance of all the grantor's property, which was all personalty, in trust, to apply the income of or proceeds of the sale of the same in accordance with the instructions previously given to the plaintiff by the grantor. These instructions and trusts, as found by the judge, certainly have a very testamentary look, and as the deed was executed only two days before the grantor died, we appreciate the strength of the argument that the parties must have understood that the testament was to take effect only in case the grantor died, and that it is not a deed, but an ineffectual will.

But on the face of the deed it is a conveyance operating at once and irrevocably, and there is nothing in the parol trusts which is not reconcilable with the same interpretation. It is perfectly possible to convey all one's property upon a present irrevocable trust to pay one's debts and so forth, as found in this case. If the trusts include gifts which do not pass to the possession of the *cestuis que trust* until the death of the donor, that is not conclusive against the instrument being a deed, and valid as such. *Krell* v. *Codman*, 154 Mass. 454. *West* v. *West*, *ante*, 317. This case is not like that of an instrument purporting to convey only such property as the grantor may own at his death, and leaving him with all the rights of ownership and free to dispose of what he sees fit meantime. *Gage* v. *Gage*, 12 N. H. 371. *In re Diez*, 50 N. Y. 88. *In re Knight*, 2 Hagg. Eccl. 554. Nor is it the case of an instrument purporting to be a will, notwithstanding some ambiguous expressions. See *Habergham* v. *Vincent*, 2 Ves. Jr. 204, 230, 231; *Hickson* v. *Witham*, Finch, 195; *S. C.* 1 Ch. Cas. 248. Nor is it like any other where rightly or wrongly the document is construed as revocable on its face. *Turner* v. *Scott*, 51 Penn. St. 126. *Frederick's appeal*, 52 Penn. St. 338. *Frew* v. *Clarke*, 80 Penn. St. 170, 178. *Symmes* v. *Arnold*, 10 Ga. 506. *Sartor* v. *Sartor*, 39 Miss. 760, 771, 772. *Warriner* v. *Rogers*, L. R. 16 Eq. 340, 353. Compare *West* v. *West*, *ante*, 317.

If, then, we are to decide in favor of the defendants, we must look outside of the deed. If we do that, it seems a strong thing

to say that an instrument purporting to operate at once upon execution may be shown to have been intended or understood by the parties to take effect only on the grantor's death, by evidence which does not go to the height of negativing an effectual delivery. See *Green* v. *Froud*, 3 Keb. 310; *S. C.* 1 Mod. 117; *Wareham* v. *Sellers*, 9 Gill & J. 98; *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285; *Sharp* v. *Hall*, 86 Ala. 110. Compare *Fairbanks* v. *Metcalf*, 8 Mass. 230, 238; *Ward* v. *Lewis*, 4 Pick. 518, 520; *Stevens* v. *Stevens*, 150 Mass. 557; *Glynn* v. *Oglander*, 2 Hagg. Eccl. 428, 431, 432. That proposition is very different from saying that, when a deed fails as a deed for some independent reason, it may have effect as a will, a principle formerly applied in England, but now of little practical importance in this State since the requirement of three witnesses for all wills. *Masterman* v. *Maberly*, 2 Hagg. Eccl. 235, 247. *In re Morgan*, L. R. 1 P. & D. 214. *Milledge* v. *Lamar*, 4 Desaus. 617, 622.

But whether or not the defendants could make out a case outside of the deed except by disproving the delivery, the understanding of the parties as well as the delivery is a question of fact, and whatever is material to the plaintiff's case has been found in his favor. The evidence is not before us, and there is nothing which enables us to say that the finding was wrong. We must take it that the parties understood and intended an immediate conveyance, if that is material, and that the instrument was delivered. As it purports to be such a conveyance, and as the trusts are consistent with its being so, the plaintiff's case is made out. There are not the same objections to a reference outside the document for the trusts as were held in *Olliffe* v. *Wells*, 130 Mass. 221, to exist in the case of a will, if it is not enough to say that the deed gives the plaintiff the legal ownership of the papers.

There is no question here of any intention to defeat rights of third persons, which would have been paramount had the grantor attempted to make the same disposition by will, if such intent could be material when an otherwise valid conveyance is made. *Krell* v. *Codman*, 154 Mass. 454, 458. *White* v. *Bigelow*, 154 Mass. 593, 596. *Stone* v. *Hackett*, 12 Gray, 227, 233.

There was no necessity for the plaintiff to describe himself a trustee. *Odd Fellows Hall Association* v. *McAllister*, 153 Mass.

292, 297. It would not have been proper to make the grantor's executor or administrator a party. The issue is simply whether the plaintiff can replevy certain chattels of the defendants, not what will become of them if the plaintiff fails. No one but the present parties is entitled to be heard on the question which of the two, as between themselves, shall have possession of the chattels.                              *Decree for the plaintiff.*