The New York Life Insurance and Trust Company, as Trustee, etc., *v.* John Henry Livingston, Respondent, John W. De Peyster et al., Appellants.

The same rule applies to wills of personal property as is given in regard to realty by the provision of the Statute of Powers (1 R. S. 737, § 126), which provides that "lands embraced in a power to devise shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication."

C. executed to plaintiff a deed of trust of real and personal property, with directions to pay to him the rents and income during his life, and upon his death to convey the property to such persons and in such shares "as shall be designated and appointed" by his last will, and in default of such appointment, to his heirs at law and next of kin.   By his will, after

giving a legacy, C. gave all the residue of his estate, real or personal, which he owned or was "in any manner entitled to," to L. *Held*, that this was a good execution of the power of appointment; and so, that L. was entitled to the trust estate.

(Argued March 23, 1892; decided April 12, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 18, 1891, which affirmed a judgment in favor of the defendant John Henry Livingston, entered upon a decision of the court on trial at Special Term.

The facts out of which the question arose are as follows:

In the month of August, 1888, Clermont L. De Peyster executed a deed of trust to the plaintiff, whereby he transferred to it certain real and personal property, including the property in question, in trust, to receive the rents and income during his life, and after his death to convey and assign it "to such person or persons and in such shares as shall be designated and appointed by" him "by his last will and testament," or in default of such appointment to his issue, if any, or if none then as to his real estate to his heirs at law and as to his personalty to his next of kin, in the same shares in which they would have received the same if he had died intestate seized and possessed thereof, without issue. Afterwards and on the 11th day of August, 1888, an instrument, similar in all respects, except that it affected only the realty which had been conveyed by the prior deed, was executed by Mr. De Peyster in order to be recorded. In December, 1889, Mr. De Peyster died, leaving a will, which bore date on the 24th day of August, 1888, which, after a legacy of $1,000, contained the provisions set forth in the opinion.

*John W. Ellis* for appellants. The intention of Clermont L. DePeyster that his will should not operate as an execution of the power contained in the trust deeds, appears by necessary implication. (*Clogstonn* v. *Walcott*, 13 Sim. 523; Hawkins on Wills [2d ed.] 27, 28; 6 Paige, 545.) Next of kin are not

to be set aside by implication. (*Lynes* v. *Townsend*, 33 N. Y. 558; *Scott* v. *Guernsey*, 48 id. 106; *Haxton* v. *Corse*, 2 Barb. Ch. 507.) Necessary implication does not mean natural necessity, but only so strong a probability of intention that an intention, contrary to that which is imputed, cannot be supposed. (15 N. Y. 558; *White* v. *Hicks*, 33 id. 383.) The appellants, John Watts and Estelle L. De Peyster, are entitled, as two out of the three grandparents, who are next of kin, to two-thirds of the personal trust fund. (*Bogert* v. *Furman*, 10 Paige, 496; *Hill* v. *Nye*, 17 Hun, 457.)

*Henry R. Beekman* and *D. B. Ogden* for respondents. The common-law rule as to what constitutes a valid execution of a power of appointment by will has been abolished by the Revised Statutes. (2 R. S. chap. 1, art. 3, § 126; *Hutton* v. *Benkard*, 92 N. Y. 295; *Cook* v. *Lowry*, 95 id. 103–111; *Mott* v. *Ackerman*, 92 id. 539; *Thomas* v. *Snyder*, 43 Hun, 14.) No intention is expressed in the language of the will or can be implied from it that it was not intended to operate as an execution of the power. (*Biederman* v. *Seymour*, 2 Beav. 368; *Jenet* v. *Hunt*, 113 N. Y. 158.)

Andrews, J. The will of Clermont L. De Peyster, after giving a single legacy, provides as follows: " I give and bequeath to my uncle, John Henry Livingston, all the rest, residue and remainder of my estate, both real and personal property, of what nature and kind soever and wherever situate, which I may own or be in any manner entitled to at the time of my death." This was a good execution of the power of appointment contained in the prior trust deed of July 11, 1887.

By section 126 of the Statute of Powers it is enacted that " the lands embraced in a power to devise shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication." By analogy the same rule of construction applies to

wills of personal property. (*Cutting* v. *Cutting*, 86 N. Y. 522 ; *Hutton* v. *Benkard*, 92 id. 295.) There is no intent expressed in the will that it shall not operate as an execution of the power, nor does such intent appear by "necessary implication." The testator owned the property embraced in the trust prior and up to the time the deed was executed. He reserved therein the beneficial interest during his life and a power of appointment by will. This was little less than ownership, and the statute for the purpose of construing a disposition by will under a power of appointment treats the subject of the power as the property of the donor of the power, and conclusively infers an intention in a testator to execute the power where the will disposes of all his property, and the inference is not rebutted by express language or necessary implication. The will in question disposed of all the testator's property, real and personal, by the legacy and the gift of all the residue. The argument that as Livingston was the heir at law of the testator, and as such would have taken all the real estate embraced in the trust deed, under the limitations therein, if there had been no will, and that it cannot be supposed that the testator intended by a will made within a month after the execution of the deed to change the title which would accrue to Livingston thereunder into a title as devisee, or to deprive his next of kin of the benefit of the deed, is entitled to no weight under the statute. It is a matter of argument merely. There is no "necessary implication" resulting from the language of the will, or the circumstances, that it was not intended to operate upon the property embraced in the power. Nor is there anything in the fact that the gift in the will was a "residue" after payment of the legacy. There was nothing in the nature of the prior dispositions, in terms or by construction, which limited the residue to property of which the testator was the absolute owner.

The conclusion of the court below should be affirmed.

All concur.

Judgment affirmed.