## HEYWARD-WILLIAMS COMPANY *v.* McCALL.

A grantor conveyed land to F., "trustee for her children." The deed contained a covenant denying to the trustee the power to sell or encumber the property, and declaring that the land shall not be subject for any liabilities of the trustee or her successors, either in her or their individual or trust capacity. Power was given to the trustee to use the land for the ordinary purposes of farming. It was further provided: "And should the said [F.,] trustee as aforesaid, have no children living at the time of her death, then she may, of her own will and choice, give said land and premises to such person or persons as she may desire." The deed further recited that the grantor and the trustee (who was his daughter) agreed that the land was to be accounted for as an advancement to the daughter in the final distribution of the grantor's estate. At the time of the execution of the deed F. had no children, but subsequently a child was born unto her, who survived her. F. died, leaving a husband and the child. *Held*, that F. left no inheritable estate in the land which descended to her husband as heir, but that her surviving child under the deed took a fee-simple estate in the land on the death of his mother.

AUGUST 13, 1913.

Injunction. Before Judge Charlton. Chatham superior court. February 8, 1913.

*W. R. Hewlett,* for plaintiff in error.

*E. K. Overstreet* and *F. T. Saussy,* contra.

EVANS, P. J. This case comes to us on exception to the grant of an interlocutory injunction, the propriety and correctness of which depend upon the construction of the deed from B. F. Beard to Frances A. McCall, trustee, which is in terms as follows:

"State of Georgia, Screven County. This indenture, made and entered into this 26th day of April, 1892, between B. F. Beard of the county aforesaid, and State aforesaid, of the first part, and Frances A. McCall, trustee for her children, of the same place, of

the second part, witnesseth, that the said B. F. Beard, for and in consideration of the natural love and affection which he has for his daughter, the said Frances A. McCall, trustee as aforesaid, has given, granted, and delivered, and by these presents does give, grant, and deliver unto the said Frances A. McCall, trustee as aforesaid, and to her successors in the trust [a described tract of land]. To have and to hold the said tract of land and premises unto the said Frances A. McCall, trustee as aforesaid, and to her successors in the trust, for the sole and separate use, benefit, and behoof of the aforesaid beneficiaries of said trust, forever. But said trustee shall not have the right, power, or authority to sell or dispose of said land or premises in any manner, or to mortgage, pawn, or pledge the same in any manner; nor shall said land be subject or liable to or for the debts, contracts, or liabilities of said trustee or any successors in the trust, either in her or their individual or trust capacity; but said land shall forever remain exempt from any and all such obligations. Such trustee, however, shall have full right, liberty, and power to use said land for the ordinary purposes of farming, either by planting it herself or by renting or leasing it from year to year to other persons for the same purposes. And should the said Frances A. McCall, trustee as aforesaid, have no children living at the time of her death, then she may, of her own will and choice, give said land and premises to such person or persons as she may desire. It is also agreed between the parties of the first and second parts that the aforesaid lands and premises shall be and the same are hereby considered as constituting a part of the said Frances A. McCall share in the estate of the said B. F. Beard, at the final distribution of said estate, so that each child shall receive an equal share. It is further agreed that the schoolhouse on said land, together with one acre of land immediately around said house, shall be and the same is hereby set apart for such purposes, so long as it shall be used for teaching white children; otherwise to revert to the said Frances A. McCall, trustee as aforesaid. And lastly the said B. F. Beard does hereby warrant the said tract of land and premises unto the said Frances A. McCall, trustee as aforesaid, and to her successors in the trust, against himself, his heirs, executors, administrators, and assigns, and against all persons whomsoever."

It was admitted that Frances A. McCall had no children at the

date of the execution and delivery of the deed, but that subsequently there was born unto her a child, Harry F. McCall. She died in 1897, leaving as her sole heirs at law her son Harry F. McCall, and her husband E. C. McCall.

The insistence of the plaintiff in error is, that because there was no child of Frances A. McCall in esse at the time of the delivery of the deed, she took a fee-simple estate, and that her after-born child took nothing under the deed. This is said to result from the application of the rule in Wild's case, recognized as a rule of construction by the courts of this State. The doctrine of Wild's case, as stated by Downes, C. J., in Ball & Beatty, 459, is as follows: "Where the devise is in terms immediate, and so intended by the testator, and the description of the persons to take is general, then none that do not fall within the description at the time of the testator's death can take; therefore, the after-born must be excluded. But where the enjoyment of the thing devised is, by the testator's expressed intent, not to be immediate by those among whom it is finally to be divided, but is postponed to a particular period, or until a particular event shall happen, then those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take." The rule in Wild's case is wholly inapplicable to the case sub judice. If a present estate had been conveyed to Frances A. McCall and her children, she having no children in esse at the time, a fee-simple title would have passed to her. *Baird* v. *Brookin,* 86 *Ga.* 709 (12 S. E. 981, 12 L. R. A. 157) ; *Hollis* v. *Lawton,* 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114). But the grantor did not convey the land to his daughter individually, nor did he manifest any intention to convey a present estate to her and her children. At the time of the execution of the deed the daughter had no children, and the grantor was well aware of this fact. At the same time the grantor's deed shows that he appreciated the possibility, or even probability, that she might subsequently have children, and reflects his intention to make her after-born children the beneficiaries of his bounty, in the event they survived their mother. To effectuate this intent he conveyed the property to his daughter in trust, and carefully defined the nature and limitations of the trust. The legal estate was conveyed to Frances A. McCall, not individually, but to her as trustee, for the purpose of executing a specific

trust. The trust declared was that the trustee was to use the land
for the ordinary purposes of farming, either by planting it herself
or by renting or leasing it from year to year to other persons for
the same purpose. Whether the grantor intended that the trustee
should have the annual profits of the land, or accumulate and
hold the same for the benefit of children surviving her, is not a
question in the present case. But it is clear that the grantor's
intent was to place the title to the land in Frances A. McCall to
hold the same in trust for the benefit of her children living at
her death. In the event of the daughter's death without surviving
children, and only in that event, she is given the power to dispose
of the land. Upon her death leaving a surviving child, such child
was the cestui que trust, and became vested with the title to the
land.

The point is made that inasmuch as no cestuis que trust were in
existence at the time the deed was executed, and it could not be
known during the life of the daughter who they might be, and
that as she was to have the use of the land during her life, she
must be considered as having an interest in the land incompatible
with a mere trusteeship, and that therefore she took all of the
estate in fee. An important element in the premise for this de-
duction is that the daughter was given the income of the estate
during her life. In the decision of this case it is not essential to
determine whether the power given to the trustee to use the land
as a farm conveyed to her the right to appropriate the income to
her individual use, or whether this power was intended as a means
of accumulating a fund to be held by her in trust for such of her
children as survived her. In testing the correctness of the propo-
sition that the daughter took a fee in the land, we may admit, for
the sake of the argument, that the deed conveyed to the daughter
the income of the land during her life. Even with this admission
we can not agree with counsel for plaintiff in error, that the daugh-
ter took a fee in the whole estate. Such a result can not come from
the statute of uses, for the reason that there was no cestui que trust
in being when the deed was executed, and by the terms of the deed
it is clear that the title to the land was conveyed to the daughter
in trust for such children as might survive her. Possession and
use of the land were given to the daughter as trustee in order to
effectually administer the trust. If it be conceded that this vir-

tually created a life-estate in the daughter, then her surviving children would take by way of remainder. On the other hand, if it be held that the grant of the possession and use of the land is a part of the trust created for such children as may survive the daughter, and that the grant is to the daughter in trust for accumulation for such of her children as may survive her, such a trust has been held to be good. 1 Perry on Trusts, § 66; Salem Capital Flour Mills Co. *v.* Stayton Water-ditch & Canal Co., 33 Fed. 146; Lewin on Trusts (12th ed.), 95.

It is no objection to the validity of the trust created by such deed that the cestuis que trust can not be definitely known until the death of the daughter. It is sufficient if they come into being during the life of the trustee and be distinguished at her death. "It is certainly not necessary to the creation of a trust estate," says Kennedy, J., in Ashurst *v.* Given, 5 Watts & S. 323, 328, "that a cestui que use in being should be named, nor is it requisite that the cestui que use should be known as such before the death of the trustee for life. It is sufficient if the person designated as the cestui que use be in existence and can be distinguished at the death of the trustee." In all essential respects the trust in that case was similar to that declared by the grantor in the deed we are construing.

In *Hollis* v. *Lawton,* supra, the conveyance was to a trustee for "his wife and the children issue of their marriage." There were children in life at the time of the execution of the deed, and others were born thereafter. It was said that the vital question in the case was, whether the trust included only children that were in life when the deed was executed, or whether it also included after-born children. The court construed the deed to include only children in esse, as that was the intent of the grantor expressed in the deed, and stated the rule of construction as follows: "The rule, then, governing the construction of such words in a deed or will is, that the intention of the maker of the instrument will be construed to refer only to such persons as are in life, unless there are some words or expressions in the instrument indicating a contrary intention and showing that the maker also had in mind a certain person, or class of persons, that might thereafter be born." Keeping in mind this rule of construction, we are clear that the grantor's intention was to create a trust for beneficiaries who should

come into being, and who were ascertainable at the death of the trustee.

In *Davis* v. *Hollingsworth,* 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233), a deed was made by a father to a married daughter "and her children or child, should any be born to her" (she having no child at that time). In holding that after-born children would not take under that deed, Lewis, J., after reviewing the authorities, was of the opinion that it would have been otherwise had the conveyance been made to a trustee for after-born children.

The deed as a whole clearly indicates the grantor's intention to convey the land to his daughter in trust for such children as should survive her; and it is permissible to create a trust for a cestui que trust who is not in existence at the time the trust is created, but who can come into being and be distinguished at the death of the trustee. Applying this principle, we hold that upon Frances A. McCall dying, with a child surviving, her husband acquired no interest in the land as her heir at law.

<div align="center">

*Judgment affirmed.*     *All the Justices concur.*