## OVERBY *et al. v.* SCARBOROUGH.

On September 26, 1866, William McLendon conveyed to John T. Duncan, "for the use, benefit, and advantage in trust for Elizabeth S. Duncan of said State and County, wife of said John T. Duncan, exempt from the marital claims of John T. Duncan or any future husband said Elizabeth S. Duncan may have, for her sole and separate use, and on her decease to said John T. Duncan for the use, benefit, and advantage in trust for any future wife he may have, subject to the foregoing limitation, and on her decease to all the children of the said John T. Duncan [certain described property including the land in controversy]. To have and to hold the above-described property to him, the said John T. Duncan, in trust for said Elizabeth S. Duncan or any future wife of the said John T. Duncan, and to all the children of the said. John T. Duncan as specified, forever." At the time of the delivery of this deed there were two children of John T. Duncan in life, one a child of himself and his then living wife, Elizabeth Duncan, and the other a child of his by a former wife. Subsequently Elizabeth died, and in

1876 John T. Duncan married his third wife, Nannie Duncan, by whom he had other children. *Held*, that the deed violates the provision of the law against the creation of perpetuities. The estate for life sought to be created for the last wife of J. T. Duncan is void for remoteness. In the Civil Code, § 3678, it is declared that when an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, others being void. The result of the application of this rule is to vest in possession the ultimate remainder of the children upon the death of the first life-tenant, Elizabeth Duncan. And it follows that the title of the defendant in this case had ripened by prescription as against the plaintiffs before the bringing of this action, and the finding in favor of the former was proper.

SEPTEMBER 23, 1916.

Ejectment. Before Judge Kent. Laurens superior court. July 27, 1915.

John D. Overby and others, the only children and heirs at law of Jennie G. Overby, the last-named being the daughter of John T. Duncan and Elizabeth S. Duncan, brought ejectment against I. O. Scarborough. Upon the trial the case was submitted to the court, without the intervention of a jury, upon an agreed statement of facts, which contained in substance the following: The plaintiffs and defendant claim under William McLendon, who, on September 26, 1866, being the owner of the land in controversy, executed to John T. Duncan a deed by which, in consideration of the sum of $500, the grantor conveyed "to John T. Duncan for the use, benefit, and advantage in trust for Elizabeth S. Duncan of said State and County, wife of said John T. Duncan, exempt from the marital claims of John T. Duncan or any future husband said Elizabeth S. Duncan may have, for her sole and separate use, and on her decease to said John T. Duncan for the use, benefit, and advantage in trust for any future wife he may have, subject to the foregoing limitation, and on her decease to all the children of the said John T. Duncan [certain described property including the land in controversy]. To have and to hold the above-described property to him, the said John T. Duncan, in trust for said Elizabeth S. Duncan or any future wife of the said John T. Duncan, and to all the children of the said John T. Duncan as specified, forever." When this deed was made John T. Duncan was married to Elizabeth S. Duncan, who was more than twenty-one years old. At that time John T. Duncan had two children, A. T. Duncan (now in life), he being a son of John T. Duncan by a former wife, and a daughter, Jennie G. Duncan,

the child of said John T. Duncan by Elizabeth S. Duncan. Elizabeth S. Duncan, who was the wife of John T. Duncan at the time of the making of the deed above described, died in the spring of 1875. Jennie G. Duncan, who afterwards by marriage became Jennie G. Overby, was the only child of John T. Duncan and his wife Elizabeth S. Duncan. Jennie G. Overby (née Duncan), the daughter of John T. Duncan and Elizabeth S. Duncan, had five children, to wit: John D. Overby, J. L. Overby, T. H. Overby, R. R. Overby, and Mrs. Jennie Overby Melton, who are the plaintiffs in the present case and who are her only children and heirs at law. Jennie G. Overby and her husband both died about the year 1900, and no administration is pending, the husband having no children or heirs at law other than the plaintiffs in the present case. After the death of Elizabeth S. Duncan, and in the fall of 1876, John T. Duncan was married to Nancy S. Duncan, and between the years 1880 and 1885 two children were born of this marriage, and both are now living, namely, John T. Duncan Jr., and Lizzie Mae Lanier. The elder John T. Duncan died about the year 1890, and was survived by his then wife Nancy, who died in the year 1914. The only children John T. Duncan ever had were A. T. Duncan, Jennie G. Overby, John T. Duncan Jr., and Lizzie Mae Lanier. Immediately after the execution of the deed by William McLendon to Duncan, trustee, etc., above recited, John T. Duncan as trustee went into possession of the land in controversy under that deed, and held actual, open, notorious, peaceable, and continuous possession of the premises in dispute until December 19, 1877, when he sold the land to John M. Stubbs by warranty deed which recites that it is made "between John T. Duncan (trustee for his wife Nancy S. Duncan, and his children Archibald T. and Jennie G. Duncan), of said State and County, of the first part, and John M. Stubbs of the same place, of the second part." This deed recites that it is "in pursuance of an order of the chancellor, dated December 28th, 1876, upon application of said trustee and after full notice to all the beneficiaries." After considering the evidence the judge rendered a judgment in favor of the defendant for the premises in dispute; and the plaintiffs excepted.

*C. A. Weddington, Ira N. Eubanks,* and *Little, Powell, Smith & Goldstein,* for plaintiffs. *Larsen & Crockett, G. H. Williams,* and *Hines & Jordan,* for defendant.

BECK, J. (After stating the foregoing facts.) The estate granted is to **J. T.** Duncan in trust for his wife Elizabeth for life, and on her decease to J. T. Duncan in trust for any future wife he may have, and on her decease to all of the children of J. T. Duncan. The present estate created by the deed is a life-estate in Elizabeth, with a remainder over to any future wife for life of J. T. Duncan, and further remainder on the death of the latter to all of the children of J. T. Duncan. The question is the proper construction of this deed, and particularly whether it violates the rule against perpetuities. The code declares that "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and twenty-one years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations." Civil Code (1910), § 3678. Whether a limitation over is to be regarded as a perpetuity or not depends upon the time within which such limitation must take effect. "It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the rule against perpetuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote." Gray's Rule against Perpetuities, § 214; *O'Byrne* v. *Feeley,* 61 *Ga.* 77, 83. The first limitation over on the death of Elizabeth Duncan is to J. T. Duncan in trust for any future wife which he may have, which estate was to determine at her death. Upon the death of his wife Elizabeth, J. T. Duncan could not have another wife in which the estate was to vest, because J. T. Duncan could not legally marry until his wife Elizabeth died, if the marital tie had not been dissolved. Even if Elizabeth had been divorced, and J. T. Duncan had contracted another marriage in the lifetime of his wife Elizabeth, still that contingency would not be one which must necessarily happen in the lifetime of Elizabeth, and in fact did not happen. The deed did not create in any future wife of J. T. Duncan an estate which vested in such future wife during the life of his wife Elizabeth. Indeed the limitation over to any future wife vested upon the contingency of J. T. Duncan marrying, which was uncertain both as

to the event and to the person. No man could say, at the time the deed was executed, that J. T. Duncan necessarily would marry within twenty-two years after the death of his wife Elizabeth, or that the person whom he would marry was in life. He may have been quite a young man when his wife Elizabeth died, and may have remained a widower for thirty or more years before contracting another marriage, and may have married a person who was not in life when the deed was made. Hence it is clear that as the contingency of one or more subsequent marriages might happen more than twenty-one years and the usual period of gestation after the death of the first taker, the limitation to the second life-tenant was void for remoteness. It was early held that where property is devised to A for life, remainder to his widow for life, remainder over on the death of the widow, the ultimate remainder on the death of the widow, if contingent until that event, is bad, because A may marry a woman who was not born at the testator's death; and the result is not affected by the fact that A is very old at the testator's death. Hodson v. Ball, 14 Sim. 558, 574; Gray's Rule against Perpetuities, § 214.

The grantor made it clear that not some, but all of the children of J. T. Duncan, upon the death of any future wife of J. T. Duncan, were to take in remainder as a class. J. T. Duncan had a child by a prior marriage before his marriage with his wife Elizabeth, the life-tenant in the deed, who was in life when the deed was executed. There was born to him by his wife Elizabeth one child, who was in life when the deed was made, but who predeceased him. There were also born unto him two children by the wife of a third and last marriage, who are now in life. The question now arises, whether the remainder to the children of J. T. Duncan is void for remoteness. At common law every remainder expectant upon a prior remainder, which was void for remoteness, was also too remote. Lewis on Law of Perpetuity, § 421. The objection of remoteness which attaches to the remainder to a future wife for life, as affecting the ultimate remainder in fee to the children of J. T. Duncan, is good or not, according as the remainder to them is construed as vested or contingent. If the remainder be construed as vested as to children in life when the deed was executed, subject to open and let in after-born children, then the limitation would be good. On the other hand, if the remainder

be construed as limited to the children of J. T. Duncan at the time of the death of a wife by a future marriage, it would be contingent and too remote. Gray's Rule against Perpetuities, A for life, with remainder to A's children on the death of A, § 207a. In this State, since the adoption of the code, by grant to children of A in esse when the deed was executed take a vested estate in remainder, subject to be opened to let in after-born children. *Milner* v. *Gay,* ante, 858. Two of the children were in life when the deed was executed, two were subsequently born, and all would take vested remainders under this rule. Under the deed the remainder to the children was to become an estate in possession upon the falling in of the estate for life of the last wife of J. T. Duncan. But, as we have pointed out, that estate is void for remoteness. The code section (3678) declares that when an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void. The result of the application of this principle is to vest in possession the ultimate remainder of the children upon the death of the first life-tenant, Elizabeth Duncan.

Elizabeth Duncan died in 1875, leaving a daughter Jennie, who intermarried with one Overby, and died in the year 1900, leaving the plaintiffs as her heirs at law. Mrs. Jennie Overby's estate in remainder became an estate in possession on the death of her mother in 1875. When her father sold as trustee in 1877 she had a vested legal remainder, over which the judge of the superior court had no jurisdiction to decree a sale on application of her father as trustee, without notice to her. Her right of action was complete when the purchaser from the trustee entered into possession in December, 1877. The date of Mrs. Overby's birth does not appear, but she was of age at least in the spring of 1896. She died in 1900; and tolling her estate for five years as an unrepresented estate (Civil Code, § 4175), the purchaser's title by prescription ripened under the deed from the trustee before the bringing of the suit by her heirs in the year 1915.

*Judgment affirmed. All the Justices concur, except Gilbert J., not presiding.*