## SHEWMAKE *v.* ROBINSON *et al.*

ATKINSON, J. On February 14, 1911, Marschall A. Shewmake, for a re-cited consideration of $14,000.00, conveyed to Hal P. Shewmake certain certificates for shares of the capital stock in two designated corporations, "to have and to hold the above-described property unto the said Hal P. Shewmake upon the following terms, conditions, and trusts, to wit: 1st: To hold said property in trust for the sole and separate use of Dorabell Webb Shewmake, the wife of said Hal P. Shewmake, and any children which may be born unto the said Hal P. Shewmake by said Dorabell Webb Shewmake, for and during her natural life, then, in the event of the death of the said Dorabell Webb Shewmake, in further trust for any future wife of said Hal P. Shewmake, and any children that may be born to him by his present or any future wife, for and during the natural life of such future wife; then in further trust to convey the same during his natural life from time to time to such persons in such proportions and on such conditions as he may deem best, full power and authority being hereby given to said Hal P. Shewmake, without any judgment or decree of any court, to sell and dispose of said property at public or private sale and to reinvest the proceeds in such other property as he may deem best, upon like terms, conditions, and trusts as are herein set out and declared; in further trust to use the income, dividends, and profits arising from such property, and any increase thereon, in the support and maintenance of his

present or any future wife, and in the support and education of any future children which may be born unto him, in such manner and to such extent as he may deed [deem?] right and proper, without accountability to said beneficiaries or any court, and with full power to reinvest any portion thereof in such other property as he may deed [deem?] fit, upon like terms, conditions and trusts as are herein declared; in further trust to make such disposition of said property as he may see fit by his last will and testament; in further trust from and after the death of his present or any future wife, and after the arrival of his youngest child at his or her majority, to have and to hold said property and the increase thereof to the sole use and benefit of the said Hal P. Shewmake during his natural life; and in further trust, should said Hal P. Shewmake die intestate, to have and to hold said property for the benefit of such persons as may, at the time of his decease, come under the designation of his next of kin by the statute of distribution at the time of force in the State of Georgia." Hal P. Shewmake died, leaving his wife, Dorabell Shewmake, surviving him, but no children. Hal P. Shewmake left a will, to which was added a codicil. The former purported to be an exercise of the power expressed in the deed to dispose of the property therein mentioned, differently from the disposition therein made. The latter purported to dispose of other property that might be left by the testator. The will was probated, and Dorabell Webb Shewmake accepted benefits thereunder without knowing of the existence of the deed above mentioned. Shortly after discovery of the existence of the deed Dorabell Webb Shewmake instituted an action against certain persons who were named as executors in the will, and persons receiving the property thereunder, to recover the stock and the dividends thereon. The petition, which alleged facts as indicated above, was dismissed on demurrer, and the plaintiff excepted. *Held:*

1. The deed violates the provision of law against the creation of perpetuities. The estate for life sought to be created for any subsequent wife of Hal P. Shewmake and any children of his by any such wife is void for remoteness. *Overby* v. *Scarborough,* 145 *Ga.* 875 (90 S. E. 67).

2. When an attempt is made to create a perpetuity the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations. Civil Code, § 3678; *Phinizy* v. *Wallace,* 136 *Ga.* 520 (71 S. E. 896). Applying this rule, children of Hal P. Shewmake by his then wife, Dorabell Webb Shewmake, would have taken in remainder, but there were none; so also, had Hal P. Shewmake survived his wife, Dorabell Webb Shewmake, and had there been children of Hal P. Shewmake by Dorabell Shewmake, at the arrival at majority of the youngest of them Hal P. Shewmake would have taken, but this did not occur; so also, if Hal P. Shewmake had died intestate, such persons as may at the time of his death have come under the designation of his next of kin by the statute of distribution of the State of Georgia would have taken, but this did not occur; and as none of the conditions occurred under which there could have been a vesting of any estate beyond the life-estate created for Dorabell Webb Shewmake under application of the rule as provided in the Code, the absolute estate vested in her.

3. When the deed is considered in its entirety, the clause conferring upon Hal P. Shewmake the power of making testamentary disposition of the property is not to be construed as intending to confer authority to dispose of the property in such manner as to defeat the estate granted to Dorabell Webb Shewmake; and in so far as that provision of the deed is repugnant to the former provisions creating an absolute estate in Dorabell Webb Shewmake, it is void. Civil Code, § 4187; *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935).

4. It being alleged in the petition that the plaintiff did not know of the existence of the deed, the fact that she may have taken under the will would not amount to an election to forego her rights under the deed and estop her from claiming adversely to the will.

5. The suit was to recover the property, with mesne profits, and by the petition as amended it was alleged that all of the defendants had converted the property. Under these circumstances they were all proper parties, and the petition was not demurrable on the ground of misjoinder of parties or causes of action.

*Judgment reversed. All the Justices concur.*

No. 707. AUGUST 13, 1918.

Equitable petition. Before Judge Kent. Laurens superior court. November 1, 1917.

*G. H. Williams & Son*, for plaintiff.

*James K. Hines* and *John S. Adams*, for defendants.