CITIZENS & SOUTHERN NATIONAL BANK *v.* HOWELL.

No. 12054. MARCH 26, 1938. REHEARING DENIED APRIL 1, 1938.

52

*Adams, Adams, Douglas & Brennan,* for plaintiff in error.
*Connerat & Hunter,* contra.

*MacDougald, Troutman & Arkwright, Alston, Alston, Foster & Moise, Harold Hirsch, Marion Smith, A. S. Clay, Louis Regenstein Jr.,* and *Battle & Smith,* for persons at interest, not parties.

GRICE, Justice. 1. Are the deeds subject to attack by the grantor on the ground that they constitute an illegal attempt to set up a trust? The ruling in *Gray* v. *Obear,* 54 *Ga.* 231, that a trust estate can not be created in property for the sole benefit of a male who is sui juris, and conveyed to a trustee for the purpose of protecting it from his creditors, does not support the judgment under review; for in the case cited there was no attempt to create a remainder. It was for Obear's sole benefit. Chief Justice Warner in the opinion said: "In our judgment, a *trust estate* can not be created in property in this State for the *sole benefit* of a full-grown man who is sui juris, and be conveyed to a trustee for the purpose of protecting it against his creditors, or for the purpose of depriving him of the free use and enjoyment of such property as the owner thereof." In the *Obear* case, as further pointed out in the opinion, there was, under the instrument there dealt with, nothing for the trustee to do except to restrain the cestui que trust from the free use and enjoyment of his own property. In the instant case the trustee was to hold the same for Howell during his life, "and in further trust" for certain contingent remaindermen. Nor do the statements in the headnote in *Sargent* v. *Burdett,* 96 *Ga.* 111 (22 S. E. 667), that "a person can not by deed create out of his own property, upon his own behalf, a trust estate," and that "a deed executed for such a purpose is void, and passes no interest, legal or equitable, to the trustees named," when taken in connection with the facts of that case, support the decision of the judge in the instant case. An execution against H. J. Sargent was levied on land. A claim was interposed by certain persons "as trustees for H. J. Sargent." They relied upon a deed of conveyance from H. J. Sargent to them as trustees. The case was submitted to the judge without a jury, and he held that the property was subject. The deed purported to convey the land in trust for certain uses. It provided that from the income the grantor and

his wife should be comfortably supported, the grantor reserving the right to convey the property to such persons as he might wish, "by the consent and advice of" the persons named as trustees. It appeared that the wife had been dead for several years. All that this court held was, that, as against creditors seeking to subject the land to the payment of their debts, the whole title remained in the grantor, and the property so sought to be conveyed was subject to the payment of his debts. In the case before us no rights of creditors are involved. Nor does the case involve the question whether the beneficial life-estate reserved to Howell is not or would not be subject to any present or future debts incurred by him. In the *Sargent* case, there was no remainder. In the opinion Mr. Justice Atkinson, after referring to the holding in *Gray* v. *Obear,* 54 *Ga.* 231, that a trust estate can not be created in property in this State for the sole benefit of a full-grown man who is sui juris, and be conveyed to a trustee for the purpose of protecting it against his creditors, or for the purpose of depriving him of the free use and enjoyment of such property as the owner thereof, was careful to add: "This general statement is of course with the qualification, that if there be limitations over and restrictions in favor of other persons for whose use a trust is capable of being created, the trust estate would be upheld." The decision was not put upon the ground that a person sui juris could not by deed create out of his own property a trust estate in the benefits of which he participated, but that he could not out of his own property create a trust for his own benefit, without any limitations over or restrictions in favor of other persons for whose use a trust is capable of being created.

A valid trust can be created in this State for the benefit of a person sui juris, for life, with remainder over in trust for another. *Sinnott* v. *Moore,* 113 *Ga.* 908, 915 (39 S. E. 415). That the remaindermen are unborn makes no difference. *Palmer* v. *Neely,* 162 *Ga.* 767 (3) (135 S. E. 90). If a valid remainder can be created for children unborn and who may never be born, we can not see why a like remainder may not be created for a future wife. "Estates in remainder may be created for persons not in being." Code, § 85-706. Does the trust here attempted fail, when attacked by the grantor in the instrument, merely because the grantor is one of the cestuis que trust, the alleged trust agreement

giving to him a beneficial interest for life out of his own property, with a remainder over in trust? We have no Code section or statute that requires us to reach such a conclusion. We have been referred to no Georgia authority wherein the point was decided; and so far as our own investigation discloses, it has not been ruled in this State. In Cramer v. Hartford Connecticut Trust Co., 110 Conn. 22 (147 Atl. 139, 73 A. L. R. 201), the primary question was whether an instrument created a valid trust, or a mere attempted testamentary disposition of property, the transfer being to a trustee with a reservation of a life use to the settlor, and at his death upon a further trust for other beneficiaries. In approaching the decision of that issue, Maltbie, J., said: "That there may be a valid trust where property is transferred to a trustee with a reservation of a life use to the settlor, and at his death upon a further trust for other beneficiaries or to pay over to designated persons, does not admit of doubt. Candee v. Connecticut Savings Bank, 81 Conn. 372 (71 Atl. 551, 22 L. R. A. (N. S.) 568); Blodgett v. Union & New Haven Trust Co., 97 Conn. 405 (116 Atl. 908); Burbank v. Stevens, 104 Conn. 17, 22 (131 Atl. 742); Bromley v. Mitchell, 155 Mass. 509, 511 (30 N. E. 83); Kelley v. Snow, 185 Mass. 288 (70 N. E. 89); Lewis v. Curnutt, 130 Iowa, 423 (106 N. W. 914); 1 Perry on Trusts (7th ed.) p. 119." Referring to the last citation we find this statement: "Thus cases are frequent where the owner of property has, without consideration, conveyed it to another to hold as trustee for the benefit and enjoyment of the settlor during his life, and on his death upon further trust for other beneficiaries or to pay over to designated persons." The author, Perry, cites in support of the text the following authorities: Nichols v. Emery, 109 Cal. 323 (41 Pac. 1089, 50 Am. St. R. 43); Lewis v. Curnutt, supra; Brown v. Mercantile Trust Co., 87 Md. 377 (40 Atl. 256); Bromley v. Mitchell, supra; Kelley v. Snow, supra; N. Y. Life Insurance & Trust Co. v. Livingston, 133 N. Y. 125 (30 N. E. 724); Rynd v. Baker, 193 Pa. 486 (44 Atl. 551); Wilson v. Anderson, 186 Pa. 531 (40 Atl. 1096, 44 L. R. A. 542); Kraft v. Neuffer, 202 Pa. 558 (52 Atl. 100); Fry v. Mercantile Trust Co., 207 Pa. 640 (57 Atl. 43); Brace v. Van Eps, 12 S. D. 191 (80 N. W. 197). We hold that the instruments here challenged created a valid trust, there being a valid remainder as to the future wife and any children of the marriage.

2.   The principle frequently referred to as the rule against per-
petuities is thus stated in our Code, § 85-707.   "Limitations of
estates may extend through any number of lives in being.at the
time when the limitations commence, and 21 years, and the usual
period of gestation added thereafter.   A limitation beyond that
period the law terms a perpetuity, and forbids its creation.   When
an attempt is made to create a perpetuity, the law gives effect to
the limitations not too remote, declaring the others void, and
thereby vests the fee in the last taker under legal limitations."
It is insisted that the two instruments here in question are abso-
lutely void under this section.   Counsel for Howell rely on *Overby*
v. *Scarborough,* 145 *Ga.* 875 (90.S. E. 67), and *Shewmake* v. *Rob-
inson,* 148 *Ga.* 287 (96 S. E. 564).   Each of these cases we believe
to be distinguishable.   In the first, a grantor made a deed to Dun-
can for the use of his wife, Elizabeth S. Duncan, and on her death
to him for the use of any future wife, and on her decease to all
the children of Duncan.   At the date of the deed there were two
children of Duncan, one the child of his then wife, the other the
child of a former wife.   Subsequently Elizabeth died, and he mar-
ried a third wife, and children came of this union.   This court
held that the deed in so far as it was claimed to create an estate
for the last wife of Duncan, was void under the provision of our
law against the creation of perpetuities.   The issue arose on a con-
test between children of a daughter of Elizabeth, the second Mrs.
Duncan, and one who claimed as a grantor of John M. Stubbs,
who held under a deed from John T. Duncan, trustee for his third
wife Nancy S. Duncan, and his children Archibald T. and Jennie
G. Duncan, "in pursuance of an order of the chancellor, dated De-
cember 28, 1876, upon application of said trustee and after full
notice to all the beneficiaries."   The court, applying the rule
against perpetuities, held that the ultimate remainder vested in
the children upon the death of the first life-tenant, Elizabeth Dun-
can; and since the mother of the plaintiffs was a daughter of
Elizabeth, that she on the death of her mother in 1875 took an
estate in remainder, and the only reason why her heirs at law
could not recover was because of a prescriptive title that had ri-
pened under the deed from the trustee in 1877.   This was not a
holding that the whole deed was void, or that it was not valid as
to the first set of remaindermen.   The only reason why the chil-

dren of Mrs. Overby could not recover was, that, though she did take in remainder, a good prescriptive title had ripened against her.

In the *Shewmake* case it appeared that Marshall A. Shewmake conveyed to Hal P. Shewmake certain property in trust for the latter's wife, Dorabell Webb Shewmake, and any children that might be born of the marriage of the two last named, for and during her natural life, and on her death in further trust for any future wife of Hal P. and any children of his, during the life of such future wife; then in further trust to convey the same to such persons as he might wish, upon like trusts as therein set out, and in further trust to make disposition of the same by will; and "in further trust from and after the death of his present or any future wife, and after the arrival of his youngest child at his or her majority, to have and to hold said property and the increase thereof to the sole use and benefit of the said Hal P. Shewmake during his natural life; and in further trust, should said Hal P. Shewmake die intestate, to have and to hold said property for the benefit of such persons as may, at the time of his decease, come under the designation of his next of kin by the statute of distribution at the time of force in the State of Georgia." Hal P. Shewmake died, leaving his wife surviving, but no children. He left a will which undertook to dispose of the property differently from that expressed in the deed of trust. Mrs. Shewmake brought suit against the executors, and persons receiving the property under the will. This court sustained her right to recover, holding that the deed violated the rule against perpetuities, in that the estate for life sought to be created for any subsequent wife of Hal P. Shewmake and any children of his by such wife was void for remoteness. The court did not hold that no estate passed to Hal P. Shewmake. It held that the first remaindermen, after the termination of the life-estate of Hal P. Shewmake, took the absolute fee, because the other remainders were too remote, giving effect to our Code, § 85-707, which declares that "when an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." It was not an attempt, as here, by the one for whose benefit the estate for life was created, to declare the whole instrument void. We have seen that there is nothing in our law to pre-

vent Howell from carving out of his own property an estate and creating a trust therein for and in his behalf, provided there be a valid remainder over; and that a trust may be created for unborn children to take in remainder. The *Shewmake* decision held nothing to the contrary. We think the two instruments now before us created a valid trust. Neither in the *Overby* case nor in the *Shewmake* case was the entire instrument declared void. The law does not exact such a penalty whenever a deed or devise in a will contains limitations too remote. On the contrary, the Code, quoted above, directs that "When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

It has been held in other jurisdictions that only where the limitations of the prior and ultimate estate are so separately intertwined that a failure of the limitations of the latter disturbs the main and dominant purpose of the testator, of which the prior limitations are a part, such prior estate is void. See the authorities collected in the notes to Re Estate of Thomas E. Lilley, 272 Pa. 143 (116 Atl. 392), as reported in 28 A. L. R. 366; and to Millikin National Bank of Decatur v. Wilson, 343 Ill. 55 (174 N. E. 857), as reported in 75 A. L. R. 117. A valid provision for a life-estate is not defeated by an invalid provision for a remainder. Bartlett v. Sears, 81 Conn. 34 (70 Atl. 33); Quinlan v. Wickman, 233 Ill. 39 (84 N. E. 38, 17 L. R. A. (N. S.) 216). Where a testator bequeathed a fund to his son for his use during his lifetime, and at his death to his children, and at their death, if childless, to go to and be divided among testator's collateral heirs, it was held that the gift over upon the death of the children was void as contrary to the rule against perpetuities, but that the gift to the children of the son was not thereby rendered ineffectual, they taking the absolute interest in the fund, subject to their father's interest. Nevitt v. Woodburn, 190 Ill. 283 (60 N. E. 500), reversing 82 Ill. App. 649. Similar rulings were made in Slade v. Patten, 68 Maine, 380; Goldsborough v. Martin, 41 Md. 488; Gray v. Whittemore, 192 Mass. 367 (78 N. E. 422, 10 L. R. A. (N. S.) 1143, 116 Am. St. R. 246); Gully v. Neville (Miss.), (55 So. 289). There is nothing in the instant case to justify us in treating it as an exception to what is laid down in the Code, § 85-707, supra.

Counsel for the plaintiff in error contend that there is nothing in either of the instruments before the court which violates the rule against perpetuities. We do not find it necessary to decide that issue. If a contest ever arises between a remote remainder-man, or his grantee, or transferee, on the one hand, and a prior remainderman (or remainder woman, if we may coin a term), it will then become the duty of this court, if appealed to in a proper proceeding, to decide whether any clause in the instrument offends against the rule which has here been invoked.

On rehearing it is said by our esteemed associates who dissent from this opinion that if the life-estate and remainder each standing alone would be invalid, then the two together would not make a valid trust, and it is declared by them that such is the present case. Assuming that a trust for either the life-estate or for the remainder, as described in these deeds, would be invalid if the other were omitted, it does not follow that both together would not make a valid trust. It might be true that each standing separately would amount to nothing, and yet, if the two are combined, they would afford basis for a valid trust. Two elements existing separately may each be inadequate for a given purpose, but if combined be all-sufficient. For instance, hydrogen isolated will remain hydrogen and never become water. Oxygen, if isolated in like manner, will always be oxygen; and yet, if those two elements are united in proper proportion, the result is water, $H_2O$. If a retort or something of the kind is necessary to perfect the union, the trustee will represent that instrument in the present case. Judge Bleckley once said that if three be necessary, two equal nothing. It may be said further that if three be necessary, either one *or* two would equal nothing, but that one *and* two would meet the requirements. We can not agree that no valid trust was created by the instruments involved in this case, or that the trust was subject to revocation by the plaintiff. In addition to the authorities already cited, see *Ardis* v. *Printup,* 39 *Ga.* 648; *Heyward-Williams Co.* v. *McCall,* 140 *Ga.* 502 (79 S. E. 133) ; *Jossey* v. *Brown,* 119 *Ga.* 758 (47 S. E. 350) ; *Jossey* v. *White,* 28 *Ga.* 265. The trial court erred in overruling the demurrer to the petition.

*Judgment reversed. Bell, Hutcheson, Jenkins, and Grice, JJ., concur. Russell, C. J., and Hawkins, J., dissent.*

HAWKINS, Judge, dissenting. The alleged trust deeds or agreements are attacked by the plaintiff upon two grounds; first, that they violate the statute of the State of Georgia against the establishment of perpetuities; and second, that they constitute an illegal attempt to set up a trust by and for a person of full age and capacity. In passing upon these questions, we will take up the grounds of attack in the inverse order of their statement. It will be noted that the agreements sought to be set aside attempt to create a trust for and in behalf of the plaintiff grantor for and during his lifetime, out of his own property, it being alleged that the plaintiff is a person of full age and capacity, and this can not be done under the law.

The Code, § 108-114, declares that "trust estates may be created for the benefit of any minor or person non compos mentis," and makes further provision for the creation of trusts commonly referred to as "spendthrift trusts," but it is not contended in this case that the plaintiff comes within the latter classification, nor is it contended that he is a minor, or that he is non compos mentis. In *Sargent* v. *Burdett*, 96 *Ga.* 111 (supra), it was held: "A person can not by deed create out of his own property, upon his own behalf, a trust estate. A deed executed for such a purpose is void, and passes no interest, legal or equitable, to the trustees named. In such a case the whole title remains in the grantor, and the property so sought to be conveyed is subject to the payment of his debts."

In *Wright* v. *Hill*, 140 *Ga.* 554, 565 (79 S. E. 546), this court quoted approvingly the following excerpt from Gray on Restraints on Alienation: "It is against public policy that a man 'should have an estate to live on, but not an estate to pay his debts with,' . . and should have the benefits of wealth without the responsibilities. The common law has recognized certain classes of persons who may be kept in pupilage, viz., infants, lunatics, married women; but it has held that sane grown men must look out for themselves,—that it is not the function of the law to join in the futile effort to save the foolish and the vicious from the consequences of their own vice and folly. It is wholesome doctrine, fit to produce a manly race, based on sound morality and wise philosophy." See also *DeVaughn* v. *Hays*, 140 *Ga.* 208 (78 S. E. 844); *Munford* v. *Peeples*, 152 *Ga.* 31 (108 S. E. 454). Under

these authorities, we hold that the instruments here attacked, in so far as they seek to set up a trust for the benefit of the plaintiff for and during his life, are invalid, and subject to the attack made. In determining whether the agreements here attacked violate the rule as to remoteness, we must keep in mind the rule as stated in 48 C. J. 943, as follows: "The question of remoteness . . is to be determined by reference to possible, not actual events, which is to say, to the remotest time at which, in any event or circumstance possible at its creation, and without regard to what actually happens, a devise or limitation might take effect." The Code, § 85-707, declares: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

In Gray's Rule against Perpetuities, § 214, it is said: "It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the rule against perpetuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote." In *Overby* v. *Scarborough,* 145 *Ga.* 875 (90 S. E. 67), it was said: "On September 26, 1866, William McLendon conveyed to John T. Duncan, 'for the use, benefit, and advantage in trust for Elizabeth S. Duncan of said State and County, wife of said John T. Duncan, exempt from the marital claims of John T. Duncan or any future husband said Elizabeth S. Duncan may have, for her sole and separate use, and on her decease to said John T. Duncan for the use, benefit, and advantage in trust for any future wife he may have, subject to the foregoing limitation, and on her decease to all the children of the said John T. Duncan [certain described property including the land in controversy]. To have and to hold the above-described property to him, the said John T. Duncan, in trust for said Elizabeth S. Duncan or any future wife of the said John T. Duncan, and to all the children of the said John T. Duncan as specified, forever.' At the time of the delivery of this deed there were two children of John T. Duncan in life, one a child of himself and his then living wife,

Elizabeth Duncan, and the other a child of his by a former wife. Subsequently Elizabeth died, and in 1876 John T. Duncan married his third wife, Nannie Duncan, by whom he had other children. *Held,* that the deed violates the provision of the law against the creation of perpetuities. The estate for life sought to be created for the last wife of J. T. Duncan is void for remoteness." In *Shewmake* v. *Robinson,* 148 *Ga.* 287 (96 S. E. 564), this court, in passing upon the validity of a deed conveying certain property to Hal P. Shewmake "to have and to hold the above-described property unto the said Hal P. Shewmake upon the following terms, conditions, and trusts, to wit: 1st: To hold said property in trust for the sole and separate use of Dorabell Webb Shewmake, the wife of said Hal P. Shewmake, and any children which may be born unto the said Hal P. Shewmake by said Dorabell Webb Shewmake, for and during her natural life, then, in the event of the death of the said Dorabell Webb Shewmake, in further trust for any future wife of said Hal P. Shewmake, and any children that may be born to him by his present or any future wife, for and during the natural life of such future wife," etc., held that: "The deed violates the provision of law against the creation of perpetuities. The estate for life sought to be created for any subsequent wife of Hal P. Shewmake and any children of his by any such wife is void for remoteness."

At the time of the execution of the instruments now under consideration, the plaintiff, Hugh Comer Howell, had no wife; no one could say at that time that he would marry within twenty-two years, or that the person whom he would marry, if he ever did, was in life at the time the instruments were executed. Applying the foregoing rulings to the instruments now under consideration, we hold that in so far as they seek to create a trust "for the future wife and child, or children of the said Hugh Comer Howell, should he thereafter marry and leave a wife, child or children," they are void for remoteness, and violate the law against the creation of perpetuities. Counsel for the plaintiff in error have filed a most excellent brief, citing many authorities dealing with various kinds of trusts, the duties of trustees, and other questions; but after careful consideration of all of the authorities cited, none of them requires a different ruling from that here made. To undertake to distinguish each of the many cases cited would consume

much time and space. In none of them, however, did a person sui juris seek to create a trust for and in his own behalf for life, and out of his own property; and in most of them a valid trust was created by the person executing the trust agreement for the benefit of some other person or persons then in being, and in at least these two particulars they are distinguishable from the present case. The plaintiff's petition set forth a good cause of action, and the court did not err in overruling the general demurrer. Mr. Chief Justice Russell joins in this dissent.

ON REHEARING.

HAWKINS, Judge. In this case it is conceded by counsel representing the plaintiff in error, and by those appearing for other parties interested, but who are not parties to the case, and by my learned brethren who entertain the contrary view as expressed in the opinion written by Mr. Justice Grice, that the instruments here involved are invalid for the reasons heretofore pointed out, in so far as they seek to create a trust estate for the life of Howell, unless there be a valid remainder created by the instruments in behalf of some other person, and they are of the opinion, that they do create such a valid remainder in behalf of a wife and child, or children, who were not in being at the time the instruments were executed. With this latter view I can not agree. While the Code, § 85-706, and the authorities cited in the opinion in support of this proposition provide that "Estates in remainder may be created for persons not in being," from the very definition and nature of such a remainder there must be a valid prior estate to sustain it. In every case cited either in the briefs of counsel or in the opinion of Mr. Justice Grice, where a remainder for a person not in being was upheld, there was some one in being for whom a valid estate was created, and in this respect this case is distinguishable from all those cited. In this case the trust for the life of Howell, a person of full age and capacity, and which would otherwise be void, is sought to be sustained by reason of the so-called remainder in behalf of a possible future wife and child, or children; and this can not be done, for the reason, as pointed out in the original opinion, that the remainder sought to be created is invalid for remoteness and as being violative of the rule against perpetuities. As I see it, such an invalid trust for the life of Howell can not be based upon or supported by an invalid remainder, and a remainder which

is invalid because not based upon a valid prior estate, can not be predicated upon such an invalid life-estate; and none of the authorities cited hold to the contrary.

After the bank was repaid all indebtedness owing to it by Howell, the instruments here involved amounted to nothing more than powers of attorney to the bank to manage and control Howell's property for his benefit, and are revocable at his will. The properties covered thereby belonged to Howell. The bank has no vested interest therein. So far as appears from the record, the bank has been compensated for what it has done in the management and control of the properties, and will not be injured by returning them to the owner. Therefore I adhere to the opinion heretofore expressed. I am authorized to say that Mr. Chief Justice Russell concurs in this view.