## HARRIET JULIAN AND OTHERS v. NORTHWESTERN TRUST COMPANY.[1]

June 22, 1934.

Nos. 29,904, 29,905.

*McCoy & Hansen* and *Paul G. Bremer,* for appellants.
*Kellogg, Morgan, Chase, Carter & Headley,* for respondent.

*STONE, Justice.*

Two actions by the same plaintiffs for an accounting, one against the Northwestern Trust Company as executor of the estate of Elizabeth Turner, and the other against it individually, were tried together and resulted in a decision for defendant because of the

[1]Reported in 255 N. W. 622.

supposed failure of proof of a cause of action in either case. After denial of their motion for a new trial, plaintiffs appeal from the judgments.

Charles W. Turner died testate May 16, 1923. His will was executed in Florida but admitted to probate in this state as he left property here. It disposed of a considerable residue by the following language:

"I do hereby give, will, bequeath and devise unto my beloved wife, Elizabeth Turner, all [the residue] of my estate  *  *  *  in trust, for the uses and purposes and with and subject to the powers and limitations hereinafter expressed and declared of and concerning the same, that is to say:

"As such trustee my beloved wife, Elizabeth Turner, is hereby authorized to convert my estate into money and to invest and reinvest and keep invested the trust funds in her hands or under her control, in government, state, municipal, county or railway bonds, or in first mortgages on improved real estate, and to collect and receive the rents, interest income, dividends and profits thereof, and the entire net income to be derived therefrom, or so much thereof as she shall desire to use, shall be my wife's absolutely. In addition, she shall be entitled to use as her own so much of the principal of the estate, so held in trust as she may wish for her own use, and she shall not in any manner be restricted in the use and disposal of my property so long as she shall live. As such trustee she shall have full power to grant, bargain, sell, convey and confirm any part or parts, or the whole of the trust estate, for such sum or sums and on such terms and conditions as she may think proper, and her transfers and conveyance shall vest a good and sufficient title, and purchasers shall not be required to look to the application of the proceeds.  *  *  *

"From and immediately after the decease of my said wife, the whole of the estate then held in trust and the accumulations thereon shall vest absolutely, in equal shares in my three (3) sisters above named, to-wit: Mrs. Harriet Julian, usually known as Mrs. Edward Julian, Mrs. Charlotte Coventry, usually known as Mrs. John

Coventry, Mrs. Emily Husband, usually known as Mrs. William Husband."

The three sisters of the testator, named to succeed to any of the residue remaining on Mrs. Turner's death, are the present plaintiffs.

Mrs. Turner departed this life January 22, 1928. Shortly after she received the residue of her husband's estate under his will she made the Northwestern Trust Company her agent for the purpose of managing the property, investing and reinvesting such of the principal as was available for investment from time to time, and to collect and account for the income to Mrs. Turner as life tenant, it being then considered that she was not a trustee but that the relationship between her and plaintiffs was that of life tenant and remaindermen with the absolute power of disposition in the former.

The thesis for plaintiffs, that Mrs. Turner took the residue of her husband's estate as trustee for herself and plaintiffs, is untenable. That there was life estate. and remainder is conceded. The trust, if any, affected only the life estate. Notwithstanding the inconsistent verbiage indicating that a trust relationship was contemplated, with some restrictions upon Mrs. Turner's power to "invest and reinvest," the stubborn fact remains that the whole income was to be hers "absolutely," and that "in addition" she was given unconditionally "so much of the principal * * * as she may wish for her own use," and finally all restrictions upon her powers of use and disposition were removed by the declaration that "she shall not in any manner be restricted in the use and disposal of my property so long as she shall live."

In such a situation there can be no trust, for the sole beneficiary of a trust cannot be its sole trustee. One of several beneficiaries of a trust can be one of several trustees or the sole trustee; one of several trustees can be the sole beneficiary; or, if there are several beneficiaries, they may also be the sole trustees, but the sole beneficiary cannot be the sole trustee. Restatement, Trusts (Tent. Draft No. 1) § 95; 65 C. J. 572. In this case, the attempted trust was sought to be grafted upon the life estate only. The attempt having been to make the sole beneficiary the sole trustee, the result was no trust. Mrs. Turner was the trustee, if any, and also sole beneficiary,

for plaintiffs had no interest in either principal or income during Mrs. Turner's life. Their only right was to so much of the property as remained at her death. As to the life estate, we repeat, there was no trust. There was lacking the "fundamental essential to the existence of any trust," which is "the separation of the legal estate from the beneficial enjoyment." There is no trust where both are in the same person, as they were here in Mrs. Turner. 26 R. C. L. 1186; 65 C. J. 572; Hospes v. N. W. Mfg. & Car Co. 48 Minn. 174, 192, 50 N. W. 1117, 15 L. R. A. 470, 31 A. S. R. 637; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; Woodward v. James, 115 N. Y. 346, 22 N. E. 150. The vesting of both legal estate and beneficial interest in Mrs. Turner made the life estate as to her "absolute." Doan v. Vestry of the Parish of the Ascension, 103 Md. 662, 670, 64 A. 314, 7 L.R.A.(N.S.) 1119, 1127, 115 A. S. R. 379.

It follows that defendant as agent of Mrs. Turner was not acting for a trustee but for Mrs. Turner in her own right. The record makes it plain that, if in that capacity it was under duty to account to plaintiffs, it has done so and owes them nothing, except as hereinafter stated. The bulk of the property of her husband remaining in Mrs. Turner's hands at her death (she is said to have owned a substantial estate of her own in addition) has been delivered to plaintiffs because of their right to the remainder. They have been furnished with a complete and accurate statement of all the doings of defendant as agent for Mrs. Turner. That statement is in the record. Plaintiffs do not attempt to point out any errors of book-keeping or failures to account for all moneys received. For plaintiffs themselves the evidence is that they received "the history of the property during the time the Northwestern Trust Company" was the agent for Mrs. Turner, "what was left of it." There is no charge of conversion against the trust company during Mrs. Turner's lifetime, and "what was left of it" at her death is all of the estate to which plaintiffs are entitled.

There is criticism of defendant in that it sold its own securities to Mrs. Turner, charging her a profit thereon. If defendant had been a trustee for Mrs. Turner, other considerations would apply; but, as her agent, it had the right to sell her its own property if

it did so openly. The evidence is that Mrs. Turner selected the securities and that she knew just what was being done by defendant in respect thereto. There is no claim here that it owed her anything more at her death than will appear later. Its duty in the premises was discharged *pro tanto* when it made payment of principal or interest, as it did of both, to Mrs. Turner during her lifetime. What she did with the money so received was, under the will of her husband, the business of nobody other than herself, at least as a matter of legal right, and we are now concerned with no other.

■ At the time the account of its agency for Mrs. Turner was closed defendant had on hand $363.92 of income and $141.08 of principal, both items in cash. (All other property in its hands as Mrs. Turner's agent has been transferred by defendant to these plaintiffs.) For that item of $505 plaintiffs are plainly entitled to judgment against defendant. Mr. Turner's will provided that, upon the decease of his wife the whole of his estate then remaining "and the accumulations thereon" should go in equal shares to these plaintiffs. The cash item above referred to is in part principal and part accumulated income.

Under date of June 16, 1928, Mrs. Turner having died the preceding January, defendant took credit on its account for agent's fees from June 15, 1927, to June 15, 1928, $160.98, the amount being computed on the basis of its agreement with Mrs. Turner. Her death terminated defendant's agency and consequently its right to compensation under the contract with her. Thereunder it is entitled to compensation only to the date of her death. In the action against defendant individually, judgment must go against it for $505, the cash admittedly in its hands to the credit of the agency account, with interest from the date when demand was made upon it for the payment thereof to plaintiffs. To be added is the portion of its agency fees charged for any time after Mrs. Turner's death.

There is argument that at her death Mrs. Turner may have had accumulations of income from the miscalled trust fund, not disclosed by defendant's account as her agent. The record discloses nothing of that kind. Mrs. Turner's estate is still in course of probate, with defendant as executor of her will. Its inventory of

her estate was admittedly available to plaintiffs but not introduced in evidence. It has made no final accounting of that estate. If preliminary or annual accounts have been filed, they are not in the record. There is no evidence upon which to charge defendant, as executor of Mrs. Turner's estate, with any property as part of the remainder of the residue of Mr. Turner's estate belonging to these plaintiffs.

In the action against defendant as executor the judgment is affirmed. In the action against it individually the judgment is reversed with directions to enter judgment for plaintiffs on the lines already laid down. The apportionment of the item of agent's fees must be made below. Of course, that will be attended to by counsel without aid from the court.

So ordered.