## LEVINE v. PERRY et al.

DUCKWORTH, Chief Justice. 1. It is settled law that mere apprehension of danger or injury will not require equitable relief. *Bailey* v. *Ross*, 68 *Ga.* 735; *Felton Beauty Supply Co.* v. *Kline*, 182 *Ga.* 20 (184 S. E. 703); *Stegall* v. *Southwest Ga. Housing Authority*, 197 *Ga.* 571 (30 S. E. 2d, 196); *Wallace* v. *City of Atlanta*, 200 *Ga.* 749 (38 S. E. 2d, 596). This does not mean, however, that equitable relief will be denied where solid reasons are alleged and shown to justify the apprehension. It simply means that equity will not relieve against a bare apprehension where facts sufficient to justify the same are not alleged and proved.

2. Chapter 23-14 of the Code of 1933 empowers county commissioners to elect or appoint county police (§ 23-1401), to fix the salaries of such officers and levy a tax to pay the same (§ 23-1402), to make rules for the conduct, management, and control of such police (§ 23-1405), to fix their bonds at not less than $1000 (§ 23-1406), and to fix their terms of office and to remove them with or without cause (§ 23-1407).

3. All of the foregoing powers conferred by law upon county commissioners involve the exercise of judgment and discretion, and such powers may not be delegated by county commissioners. 20 C. J. S. 862, § 89.

4. The resolution of the County Commissioners of Glynn County which constitutes the basis of the present action is an attempt to create a police commission and to delegate to that commission powers conferred by law upon the county commissioners as set forth in headnote 2. It is, therefore, void.

5. The minutes of the county commissioners, introduced in evidence by the defendants, show an approval by that board of an expenditure by the police commission of $7787.53 of county funds; and upon application of the foregoing rules of law to the present case, which is an action by one of the county commissioners as an individual and taxpayer against the other county commissioners and others, seeking to enjoin the putting into operation of the resolution above referred to and the expenditure of public money thereunder, the court erred in denying the interlocutory injunction.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16346. OCTOBER 11, 1948.

*G. B. Cowart*, for plaintiff.
*Gowen, Conyers & Dickey*, for defendants.