## 21979.   MOORE v. FIRST NATIONAL BANK & TRUST COMPANY OF MACON.

CANDLER, Justice.   On October 7, 1957, Mrs. Catherine Long Freeman, now Mrs. Moore, executed and delivered to First National Bank & Trust Company of Macon an instrument which, so far as need be pointed out, conveyed to it as trustee $100,000 in cash.   The instrument created a trust in the money so conveyed for the life benefit of the settlor and for such other persons after her death as she may by deed or will designate, and it expressly provides that the trust created thereby is irrevocable.   It gave the trustee full and unlimited power to hold, control, manage, invest and reinvest the trust property and provided that the net income from the trust should be paid to the grantor for and during her natural life and after her death to such other persons as she may by deed or will designate.   The bank accepted the appointment and agreed to act as such trustee in conformity with the terms of the trust instrument.   The settlor then delivered to and deposited with the bank, as trustee, $100,000 in cash.   Later and on October 6, 1961, the settlor decided to revoke the trust instrument and to withdraw from the bank the money she had deposited with it as trustee.   The bank notified her that she had no right to terminate the trust and refused to return the trust property to her on her demand therefor.   Mrs. Moore, on October 24, 1961, filed a petition for declaratory relief in the Superior Court of Bibb County against the bank and prayed for a judgment adjudicating and declaring invalid and of no legal force and effect the trust instrument she had executed and delivered to it in 1957.   Her petition alleges all of the facts mentioned above and a copy of the trust instrument is attached thereto as an exhibit.

The bank answered the petition and denied that the plaintiff has any right to revoke the instrument she voluntarily executed and thereby terminate the trust estate she created.   The bank also filed a cross-petition which alleges:   The instrument which the plaintiff executed and delivered to it is an irrevocable trust agreement.   Legal title to the trust fund ($100,000) was conveyed to and vested in it by such instrument.   Since such trust estate was created, it has retained the fund and faithfully performed all of its duties with respect thereto.   By acceptance of the trust agreement, it thereby entered into a

solemn contractual obligation with the plaintiff to hold and administer the trust fund in accordance with all of the terms, conditions and provisions of such trust agreement. By virtue of such trust agreement, it not only accepted and acquired legal title to the trust property but accepted and assumed the duty to hold and retain the legal title thereto and pay over to the plaintiff the net income from the trust property during the term of her natural life and to protect and preserve the same for the benefit of any remainder beneficiary or beneficiaries she may by deed or will designate. The cross-petition prayed for a judgment adjudicating and declaring that the trust agreement created a valid, subsisting and executory trust during the term of the natural life of the plaintiff and that the plaintiff has no right to revoke it and thereby terminate the trust she created.

By consent the case was submitted to the judge without the intervention of a jury for his decision upon all issues of fact and of law and he found that the instrument which the plaintiff (Mrs. Moore) executed and delivered to the defendant (First National Bank & Trust Company of Macon) on October 7, 1957, was by its express terms irrevocable; that she was at the time of making and delivering the instrument sui juris; that it created an express trust in favor of the settlor during the term of her natural life and at her death for the use of such other persons as she "may by deed or will designate"; that she has no right to amend or alter the trust instrument; that the trust instrument does not in any way affect the rights of creditors; that the settlor had not designated anyone other than herself as a beneficiary or other recipient of the trust fund; that the instrument she executed with the defendant was her free and voluntary act; that the trust instrument imposed continuing duties on the defendant as trustee with reference to the trust estate; and that an act which the legislature passed in 1950 (Ga. L. 1950, p. 310; *Code Ann.* § 108-111.1) was of full force and effect when the plaintiff in 1957 executed and delivered her trust instrument to the defendant. On these findings of fact the court found and held as a matter of law that plaintiff's instrument created a valid executory trust which she had no right to terminate. The plaintiff moved for a new trial, basing her motion on the usual general grounds and excepted to a judgment overruling her motion. *Held:*

1. It has been firmly settled in this State for a long time that a valid trust can be created under our law for the benefit of a person sui juris, for life, with remainder over in trust for another. See *Sinnott v. Moore*, 113 Ga. 908, 915 (39 SE 415), which was decided in 1901. For a later case so holding, see *Budreau v. Mingledorff*, 207 Ga. 538 (63 SE2d 326). And in *Citizens & Southern Nat. Bank v. Howell*, 186 Ga. 47 (196 SE 741), it was held by a 4-2 decision that a person sui juris could create out of his own property a valid trust estate for himself for life, provided the instrument also contained a valid remainder in trust. In *Howell's* case, p. 54, this court discussed the ruling in *Sargent v. Burdett*, 96 Ga. 111 (22 SE 667) which is cited and relied on by the plaintiff and with respect to it said, "All that this court held [in Sargent] was, that as against creditors seeking to subject the land to the payment of their debts, the whole title remained in the grantor [Sargent], and the property so sought to be conveyed was subject to the payment of his debts." We have also examined the decision in *Sargent's* case and we do not think it required a ruling different from the one the majority made in *Howell's* case. The trust which Sargent created in 1888 for the joint benefit of himself and wife became, as this court there held, an executed trust simultaneously with its creation; and since it did, the property conveyed to the trustees was thereafter Sargent's property, unaffected by the trust he created and therefore subject to the payment of his debts as this court properly held on its review of that case. The *Howell* case was decided by this court in 1938 and we think the majority ruling there made was a correct pronouncement of the law applicable to trust estates as it existed at that time. Compare *Leavitt v. Leavitt*, 149 Ga. 601 (101 SE 670).

2. "Trusts are either executed or executory. In the former, everything has been done by the trustee required to secure the property or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, the doing of which requires him to retain the legal estate." *Code* § 108-111. An act which the legislature passed in 1950 (Ga. L. 1950, p. 310) emphatically declares: "A trust shall

be executory, and the legal estate shall remain in the trustee, whether or not the beneficiary or beneficiaries be sui juris and whether or not any remainder interest be created, so long as the trustee has any powers or duties in regard to the trust property such as to preserve or protect, to manage, to invest or reinvest, to collect income or proceeds, to sell or otherwise dispose of, to ascertain the objects or the beneficiaries, or to distribute income or principal." *Code Ann.* § 108-111.1. No attack is here made on the validity of that act and it clearly and undoubtedly means that a trust when created shall be executory, and legal title to the property shall remain in the trustee, whether or not the beneficiary or beneficiaries of the trust be sui juris and whether or not any remainder interest in the property be created, so long as the trustee has any duties to perform with respect thereto, such as those enumerated by the act. The legislature's intention to remove the pre-existing requirement that the beneficiary or beneficiaries of a trust estate be "not sui juris" or that a "remainder interest be created" is, as it seems to us too plainly expressed by the words it used in the act to leave any reasonable room for doubt or to require any further discussion of its intention by this court. We, therefore, hold that Mrs. Moore's instrument created a valid executory trust and to this extent we agree to the correctness of the ruling made by the trial judge.

3. Did Mrs. Moore have a right to terminate the trust she created in 1957 for her own life benefit and for the benefit of "such other persons after her death as she may by deed or will designate"? The trial judge held that she did not; but, as to this, we think he erred. While it is true that the instrument she executed expressly states that it is irrevocable, it is also true that she is the only person named by it as a beneficiary, and the record shows that she has not since the date of its execution designated any other person as a beneficiary of the trust she created. In these circumstances, she is the only person interested in the trust she created (Scott on Trusts, 2d Ed., 908, § 127.1; Restatement, Trusts, 2d Ed., 272, § 127, comment b); and being such, she, as the settlor thereof, unquestionably had a right to terminate it, even though the trust instrument specifically provides that it shall be irrevocable. Scott on Trusts (2d Ed.), 2481, § 339; Restatement, Trusts (2d Ed.), 171, § 339, comment a; 89 CJS, Trusts, 907, § 88 e; Doyle v. Bank of Montclair, 9 N.J.

Super. 586 (76 A2d 41). Since Mrs. Moore, as the settlor of this trust, and the only person presently interested in it, desires to retake her property and manage it herself, we are of the opinion she should be permitted to do so. The instrument was her voluntary act; it was without consideration; and, as we have said, it presently affects no one but herself. The incidental benefit which the trustee may derive from future commissions is not of such a character as gives it a vested right to the continuance of the trust. Scott on Trusts (2d Ed.) p. 2447, § 337; Restatement, Trusts (2d Ed.) 159, § 337, comment b. If she had a right, as we hold she did, to terminate the trust agreement, she certainly had a right to revoke the declaration that it is "irrevocable." For the reason stated in this division, we think the judge erred in holding that Mrs. Moore had no right to terminate the trust she created.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MARCH 11, 1963—DECIDED APRIL 4, 1963.

*Adams, O'Neal, Steele, Thornton & Hemingway,* for plaintiff in error.

*Jones, Sparks, Benton & Cork, C. Baxter Jones,* contra.