22988.   OLIVER v. DICKERSON SUPPLY COMPANY, INC.

QUILLIAN, Justice.   1. Where as in the present case the petition alleges that certain fixtures were attached to the realty conveyed in a certain security deed and were covered by the security deed, the allegations are not demurrable (*Domin v. Brush,* 174 Ga. 32 (1) (161 SE 809), *Cunningham v. Cureton,* 96 Ga. 489 (4) (23 SE 420), *Wright v. DuBignon,* 114 Ga. 765 (40 SE 747, 57 LRA 669), *Wolff v. Sampson,* 123 Ga. 400, 403 (51 SE 335), and *Brigham v. Overstreet,* 128 Ga. 447 (57 SE 484, 10 LRA (NS) 452, 11 AC 75)), and it is not necessary that the deed be set forth in the petition or attached as an exhibit. _*East Atlanta Land Co. v. Mower,* 138 Ga. 380 (2) (75 SE 418); *Steele v. Graves,* 160 Ga. 120 (3) (127 SE 465).

2. Where a petition for injunction instituted by the grantee in a deed to secure debt against the grantors in the deed and another defendant alleges that fixtures attached to the realty and which constitute a substantial part of the security covered by the deed which conveyed the realty and fixtures, have, after the security deed was properly recorded in the office of the clerk of the superior court, been sold by the grantors in the deed to the other defendant named in the petition, and have been detached from the realty and will be removed, and prays that the defendants be enjoined from consummating the sale by removing the fixtures from the realty; such petition sets forth a cause for injunctive relief. *Brigham v. Overstreet,* 128 Ga. 447, supra; *Levine v. Perry,* 204 Ga. 323 (1) (49 SE2d 820).

3. The plaintiff had no adequate remedy at law to prevent the fixtures being removed from the realty and was not required to wait until the fixtures were actually removed and then to sue for redress of the wrong in selling and removing them, but when the defendants had actually entered into the sale of the fixtures and had detached the same from the realty preparatory to removing them, the plaintiff could bring the injunctive suit to restrain the impending wrong. *Brigham v. Overstreet,* 128 Ga. 447, supra. This is true because the wrong complained of is not only a threatened tort but one already in progress and consummated, and thus squarely within the purview of *Code* § 55-101. See *Levine v. Perry,* 204 Ga. 323 (1), supra.

4. The defendant, buyer of the fixtures, contends he was not a party to the security deed and no relationship of privity existed between him and the plaintiff. Hence, under the common law principle relating to waste, he could not be enjoined from removing the fixtures. This position is not tenable because, according to the ruling of *Small v. Slocumb,* 112 Ga. 279, 280 (37 SE 481, 53 LRA 130, 81 ASR 50), which deals with defendants similarly situated to the defendants in this case, the defendant, buyer of the fixtures here, "stepped into the shoes," as is said in *Small v. Slocumb,* supra, of the grantors in the security deed.

No fatal deficiency in the petition appearing from the record, the oral motion to dismiss the petition in the nature of a general demurrer was properly overruled.

*Judgment affirmed. All the Justices concur.*

Argued June 15, 1965—Decided July 8, 1965.

*Henritze, Baker & Bailey, Kirby G. Bailey,* for plaintiff in error.

*Lewis, Lewis & Cagle, Robert W. Cagle,* contra.

Dickerson Supply Company, Inc., brought its equitable suit in Fulton Superior Court against Carey Wallace and Fletcher Wooden, residents of Fulton County, and L. F. Oliver, a resident of Cobb County. The petition alleged that the plaintiff was the owner of certain described property at 202 Anderson Avenue in Atlanta, which it conveyed by warranty deed to the defendants Wallace and Wooden for a consideration of $18,000; that it took back a deed to secure debt from these two defendants in

the sum of $17,000; that the security deed was duly recorded; that simultaneously with the execution of the security deed the two defendants signed a promissory note calling for specified monthly payments until the full sum of $17,000 plus interest at 6% per annum was paid.

It was then alleged that part of the property at 202 Anderson Avenue, covered by the security deed, was fixtures consisting of 16 washing machines, eight dryers and one hot water tank; that "these fixtures were attached to the realty and were duly covered in the security deed and title in and to the same passed unto petitioner under the security deed"; that sometime in August 1964, Wooden, acting for himself or on behalf of Wallace, entered into an agreement with the defendant Oliver wherein the fixtures were sold to Oliver for $4,000, which sum was paid to Wooden by Oliver; that, according to the plaintiff's best information and belief, the defendant Oliver commenced to detach the fixtures from the premises for the purpose of removing them but has not, as yet, removed the fixtures from the premises and all are presently located on the premises; that the fixtures constitute a part of the plaintiff's consideration and their sale was illegal and improper and ought not be allowed and ought to be set aside to protect the plaintiff's interest; that the defendants should be enjoined from removing the fixtures from the premises and changing the status of the property.

The pertinent prayers were that each and all of the defendants be temporarily restrained and permanently enjoined from removing the fixtures from the premises at 202 Anderson Avenue and from changing the status of the same; that the sale of the fixtures be set aside and declared to be null and void.

The defendant Oliver moved orally to dismiss the plaintiff's petition on the ground that it set forth no cause of action. The trial judge overruled the oral motion to dismiss, to which judgment the defendant excepts and assigns error.