23030.   SMITH et al., Trustees v. FRANCIS et al.
23031.   FRANCIS v. THORNTON et al., Trustees.

ARGUED JULY 12, 1965—DECIDED SEPTEMBER 9, 1965.

*Heard & Leverett, E. Freeman Leverett,* for Smith and Thornton et al.

*Grant & Matthews, William F. Grant,* for Francis.

QUILLIAN, Justice. ■ The plaintiff in fi. fa. did not except to the overruling of her written motion to dismiss the claim affidavit and affidavit in forma pauperis on the grounds that the claimant was not acting in good faith in submitting an affidavit in forma pauperis. Hence, although this point is argued by her counsel in brief to this court, we will not pass upon that judgment.

■ The first ground of special demurrer is predicated on the fact that a copy of the will was not attached to or made a part of the claim. It is contended that under *Code* § 81-105 a copy of the will must be so attached.

The cited Code section applies to petitions and provides that contracts and certain other enumerated instruments or writings "should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." But no pleading is generally necessary in addition to a claim. As held in *Stonecypher v. Elliott,* 181 Ga. 438, 441 (2) (182 SE 587): "In the trial of a case in which property has been levied upon as that of the defendant in execution, and a third person has intervened as claimant, the claim affidavit, expressed in the usual form, is generally the only pleading necessary to admit whatever evidence the claimant may have to offer to uphold his or her title, or to disparage that of the defendant as a competing title." *Hadden v. Larned,* 87 Ga. 634, 637 (13 SE 806); *Frick Co. v. Taylor,* 94 Ga. 683 (2) (21 SE 713); *Askew v. Amos,* 147 Ga. 613 (1) (95 SE 5). See *Oliver v. Dickerson Supply Co.,* 221 Ga. 146 (143 SE2d 632).

■ By ground 2 of her special demurrers, in her motion to

dismiss and as one of the grounds of her motion for a directed verdict the plaintiff in fi. fa. contends the claim and pauper's affidavits are defective because one of the trustees, Mrs. Smith (now Morris), purporting to be an affiant, did not sign the affidavit and that Mrs. Smith (Morris) should have been stricken as a party.

Neither in the caption, the body or jurat does it appear that Mrs. Morris was a deponent. The caption of the affidavit simply signified that the deponent, J. F. Thornton, Jr., and Mrs. Morris, as trustees, claimed the property described in the affidavit. The jurat shows the deponent was J. F. Thornton, Jr., the effect of which was, while he was without authority of law to undertake to do Mrs. Morris's swearing for her, that he made an affidavit on his own behalf, which he had a right to do.

A person may interpose a claim affidavit although he does not claim all the property. "The interest which will support a claim under our statute, is any interest which renders the property not subject to the levying fi. fa. or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property." *Wade & Co. v. Hamilton,* 30 Ga. 450 (2); *Wheeler v. Martin,* 145 Ga. 164 (1) (88 SE 951); *Butler v. LaGrange Banking &c. Co.,* 177 Ga. 714 (1) (170 SE 918). It is not necessary that a person having a valid interest in the property levied upon and advertised for sale under an execution join with him other parties having a similar or identical interest in the property levied upon. This is true because the right to interpose a claim is vested in him by virtue of the interest that he himself has in the property, when that interest is sufficient to show such title in the property levied upon as to prevent its sale.

While recognizing the general rule that the unified action of all the trustees is required to dispose of trust property (see *Hosch Lumber Co. v. Weeks,* 123 Ga. 336 (51 SE 439)), we give effect to the proposition that, under our law, each trustee has the duty and is clothed with the authority necessary to protect the corpus of the trust. *Code* § 108-402; *Campbell v. Trust Co. of Ga.,* 197 Ga. 37, 45 (28 SE2d 471, 152 ALR 1111). Hence, we hold the trustees are vested jointly and severally with the power to preserve the trust. See *Code* § 39-806.

While the affidavit was inaccurate in using the terminology "trustees," under no proper construction of the pleadings could it be concluded that Mrs. Morris was a party. Since Mrs. Morris was never actually a party, it was not error to overrule the various motions asking that she be stricken.

In this same connection, the plaintiff in fi. fa. makes the contention that the affidavit fails to state that the trust is unable to post bond because of its poverty. A perusal of the affidavit clearly shows that J. F. Thornton, Jr. is not acting in an individual capacity but as a trustee of the trust in question. The plain import of the affidavit is that the trust is in poverty, not that either of the named persons, as individuals, is unable to pay the costs.

■ We now consider questions presented by the general demurrer of the plaintiff in fi. fa. and the motions for judgment notwithstanding the mistrial filed by each of the parties. First, we must decide what the rights of the parties are, assuming there is a valid trust. For the plaintiff in fi. fa. contends that, since she seeks to levy on the property under an alimony and child support judgment against her ex-husband, technical distinctions as to title and interest under trust law must be disregarded. We find no merit in this argument. Georgia law, as we view it, does not allow property held in trust to be levied upon by creditors, judgment or otherwise, of a beneficiary of the trust. *Blake v. Irwin*, 3 Ga. 345, 366; *Thomas & Co. v. Crawford*, 57 Ga. 211; *Jennings v. Coleman & Newsom*, 59 Ga. 718; *Georgia Veneer &c. Co. v. Stevens*, 148 Ga. 522 (97 SE 524).

This brings us to the controlling question of the case, to wit, is there a valid trust? Counsel for the plaintiff in fi. fa. make numerous attacks on its validity. We consider these attacks.

(a) It is contended that there is no separation of legal and equitable title. Counsel for the plaintiff in fi. fa. urges that there must be a beneficiary in a trust and that the provision of the will makes it discretionary with the trustees as to whether they will support either J. F. Thornton, Jr., or his children.

The will provides that the trust is for the use and benefit of J. F. Thornton, Jr., and from a perusal of its terms the plain intent was that a discretion be exercised as to the children of

J. F. Thornton, Jr., but it was mandatory that he be supported. For the will provides that the property "shall be used for the support and maintenance" of J. F. Thornton, Jr.

In this connection, two further contentions are urged: (1) that the provision amounts to a mere charge on the estate; (2) that the trust set out in the will is executed and not executory. Both contentions overlook the unambiguous wording of Ga. L. 1950, pp. 310, 311 (*Code Ann.* § 108-111.1), which reads: "A trust shall be executory, and the legal estate shall remain in the trustee, whether or not the beneficiary or beneficiaries be sui juris and whether or not any remainder interest be created, so long as the trustee has any powers or duties in regard to the trust property such as to preserve or protect, to manage, to invest or reinvest, to collect income or proceeds, to sell or otherwise dispose of, to ascertain the objects or the beneficiaries, or to distribute income or principal." Since the instant trust provides that the money is to be invested at interest and used to pay the taxes and upkeep of the homeplace and for the support and maintenance of J. F. Thornton, Jr., and his children, in the trustees' discretion, and authorizes the trustees to sell part of the land, it is executory under *Code Ann.* § 108-111.1.

(b) In considering the validity of the trust, the question arises as to whether a beneficiary of the trust might also be one of the trustees. This point, as such, is not raised by the plaintiff in fi. fa., but we deem it a pertinent facet of discussion.

Where there is but a single trustee who is also the sole beneficiary, merger of legal and equitable interests results. *Code* § 85-710 and *Code* § 108-112. However, there is a dearth of authority in Georgia concerning the situation where there are plural trustees, one of whom is the sole beneficiary. In those jurisdictions which have examined this question the courts, with virtual unanimity, have held the trusts to be valid. 54 Am. Jur. 102, Trusts, § 117, citing Julian v. Northwestern Trust Co., 192 Minn. 136 (255 NW 622); and Ridge v. Bright, 244 NC 345 (93 SE2d 607); 90 CJS 131, Trusts, § 203, citing Mesce v. Gradone, 1 NJ 159 (62 A2d 394), and In re Phipps' Will, 2 NY2d 105 (157 NYS2d 14, 138 NE2d 341). See in this connection *Leavitt v. Leavitt,* 149 Ga. 601 (101 SE 670), where

this court approved a trust in which the sole trustee was one of the beneficiaries under a deed; and *McCreary v. Gewinner*, 103 Ga. 528, 534 (29 SE 960), where this court in construing § 3148 of the Civil Code of 1895 (now *Code* §§ 108-101 and 108-102) stated: "A trust is an equitable obligation, either express or implied, resting upon a person by reason of a confidence reposed in him, to apply or deal with property for the benefit of some other person, or for the benefit of himself and another or others, according to such confidence."

In view of the Georgia cases above cited as well as the weight of authority of our sister States, we agree with the soundness of such pronouncements. The further fact that here the children, in the discretion of the trustees, also might receive support from the income of the trust impels us to the conclusion that there are no grounds for merger by operation of law and that the trust arrangement is a valid one.

(c)   The will provides that the personal property and land of the testator be held by the trustees for the use and benefit of J. F. Thornton, Jr. "The money shall be placed in a bank or building loan association at interest, and shall be used to pay the taxes and the upkeep of the homeplace, and for the support and maintenance of my son John Fortson Thornton, Jr., and his children" in the discretion of the trustees. It is contended that the trust created by this provision is fatally defective because: (1) no remainder estate is created, (2) the trust contains no termination date, and (3) it violates the rule against perpetuities.

(1)   *Code Ann.* § 108-111.1 provides that a trust shall be executory whether or not any remainder estate be created. *Moore v. First Nat. Bank &c. Co.*, 218 Ga. 798, 800 (2) (130 SE2d 718).

(2)   "The mere fact that no time is stated in a trust instrument or declaration for the termination of a trust does not render it void for uncertainty; its limitation in time can be inferred." 54 Am. Jur. 75, Trusts, § 70. "The duration of a trust is, in the absence of provision, dependent on its purpose . . . and it will continue as long as may be necessary to accomplish the purposes for which it was created." 89 CJS 922, Trusts, § 92.

Of course, the time for termination is limited by the rule against perpetuities or the rule against restraint on alienation. 54 Am. Jur. 75, Trusts, § 70.

(3) We thus consider whether the trust provision violates the rule against perpetuities. In construing a will, we must first give effect to the intent of the testator. *Lanier v. Lanier,* 218 Ga. 137, 140 (126 SE2d 776). Here it seems evident that, after the purposes of the trust were fulfilled, the testator intended the corpus of the trust to revert to his estate and pass by intestacy. In *Oliver v. Powell,* 114 Ga. 592 (4) (40 SE 826), this court found that, where one was a beneficiary for life with no remainder created by the will, a reversion was created in the estate, which reversionary interest vested immediately upon the testator's death. *Code* § 85-701 provides: "An estate in reversion is the residue of an estate, usually the fee left in the grantor and his heirs after the determination of a particular estate which he has granted out of it. The rights of the reversioner are the same as those of a vested remainderman in fee." Since the rule against perpetuities involves remoteness of vesting, it is not applicable to a vested remainder or to a reversion. *Erskine v. Klein,* 218 Ga. 112, 117 (126 SE2d 755).

However, in *Butler v. Citizens & Southern Nat. Bank,* 211 Ga. 414 (86 SE2d 520), this court, by divided opinion, in construing *Code Ann.* § 108-111.1 found that where a trust was created without remainders the vesting occurred as of the death of the life beneficiary. Even if we apply this pronouncement and hold that in this instance the vesting is postponed, that the inheritance rests in nubibus, and thus that the provision might be subject to the rule against perpetuities, the plaintiff in fi. fa. can not prevail. For *Code* § 85-707 provides: "When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." Here, giving effect to limitations not too remote, to wit, a life in being, that of J. F. Thornton, Jr., and those of his two children in life at the testator's death, the last legal taker would not be J. F. Thornton, Jr. See *Overby v. Scarborough,* 145 Ga. 875, 880 (90 SE 67); *Landrum v. Nat. City Bank of Rome,* 210 Ga. 316, 320 (2, 3) (80 SE2d 300).

Since, in any event, the trust would not terminate until the death of J. F. Thornton, Jr., he would never have such interest in the property in question so that it would be subject to a judgment obtained against him by his ex-wife, the plaintiff in fi. fa.

■ The final contention made by the plaintiff in fi. fa. is that there was a conflict in the evidence as to a material issue, that is, as to whether the original assent by the executors was as contended by the claimant or whether it was in the form as recorded in the clerk's office. Because of this conflict in the evidence she contends that a judgment notwithstanding the mistrial in the claimant's favor was properly refused.

The instrument by which the executors assented to the devise in the will could not exceed the power granted in the will. Hence, even if the original deed purported to convey fee simple title to the beneficiary, J. F. Thornton, Jr., it would violate the expressed intent of the testator and thus could not convey such title to J. F. Thornton, Jr. It is therefore apparent that evidence of what was contained in the original instrument relative to the executor's assent would be of no consequence and any conflict would not be as to a material matter.

The trust set out in the will being a valid one, the property would not be subject to levy and sale on a judgment obtained against J. F. Thornton, Jr. Hence, the trial judge erred in overruling the claimant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed in Case No. 23031; reversed in Case No. 23030. All the Justices concur.*