## 23548. PLEASANTS, Guardian ad Litem v. FIRST NATIONAL BANK OF ATLANTA et al.

QUILLIAN, Justice. The First National Bank of Atlanta as executor of the estate of Mary F. Brantley, deceased, brought a petition for construction of her will. Two provisions of the will dealing with disposition of income from a trust created by the testatrix are brought for this court's consideration on appeal. The first provision (item 13 of the will) relates to Charles Francis Findlay, who is sui juris and the sole surviving heir of Mary Brantley; it reads: "From the trust herein established, I direct that my trustee pay unto Charles Francis Findlay the sum of fifty and no/100 ($50.00) dollars per month, so long as such funds may exist or until the death of the said Charles Francis Findlay." The second clause (item 14 of the will) relates to Robert Michael Findlay, a minor, and provides: "Should the said Charles Francis Findlay die prior to my death or should he die prior to the full disbursement of the trust herein provided, then, and in that event, the trust herein provided for shall be for the benefit and payable to Robert Michael Findlay in the same manner and in the same amount as provided for Charles Francis Findlay."

In construing these two provisions, the trial judge found: "1. A trust is established of the entire estate from which Charles Francis Findlay is to receive $50.00 per month for as long as he shall live and if there is income not so used, it shall be added to principal and interest. 2. The trust will continue after the death of Charles Francis Findlay and Robert Michael Findlay will receive $50.00 per month until he is twenty-one years of age, at which time he will receive the entire trust estate. . ." Appeal is taken from that judgment and error is assigned on the trial court's "decreeing the execution of the trust established in items [13 and 14] of the will of Mary F. Brantley at a time prior to the deaths of Charles Francis Findlay and Robert Michael Findlay." *Held:*

The will provided that the trust "shall be for the benefit and payable to Robert Michael Findlay in the same manner and in the same amount as provided for Charles Francis Findlay." Under such plain and unambiguous language no construction is possible except that Robert Findlay would be the recipient

of the same amount and under the same conditions as Charles Findlay. Thus, he was to receive $50 a month during his life or until the funds of the trust were exhausted. Only upon Robert Findlay's death would the trust terminate. Unless a contrary result is compelled by operation of law this manifest intention of the testatrix is controlling. *Hungerford v. Trust Co. of Ga.,* 190 Ga. 387, 389 (9 SE2d 630). See *Code* § 113-806.

It is argued that when Robert Findlay obtains his majority the trust becomes executed and the corpus vests in him. We find no merit in this contention. "A trust shall be executory, and the legal estate shall remain in the trustee, whether or not the beneficiary or beneficiaries be sui juris and whether or not any remainder interest be created, so long as the trustee has any powers or duties in regard to the trust property such as to preserve or protect, to manage, to invest or reinvest, to collect income or proceeds, to sell or otherwise dispose of, to ascertain the objects or the beneficiaries, or to distribute income or principal." Ga. L. 1950, p. 310 (*Code Ann.* § 108-111.1). Construing this Act, this court has held: "It clearly and undoubtedly means that a trust when created shall be executory, and legal title to the property shall remain in the trustee, whether or not the beneficiary or beneficiaries of the trust be sui juris and whether or not any remainder interest in the property be created, so long as the trustee has any duties to perform with respect thereto, such as those enumerated by the Act." *Moore v. First Nat. Bank &c. Co.,* 218 Ga. 798, 801 (2) (130 SE2d 718). Hence, the two clauses of the will provide for a valid executory trust which will continue for two lives in being, that of Charles and Robert Findlay, or until the trust funds äre exhausted, whichever occurs first. The trial judge erred in decreeing that Robert Findlay will receive the entire trust estate upon reaching age 21.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1966—DECIDED JUNE 23, 1966.

James V. Pleasants, *pro se.*
*John G. Davis, Knox Bynum, Ed M. Keener,* for appellees.