## 25457. MADDOX et al. v. THREATT et al.

SUBMITTED OCTOBER 15, 1969—DECIDED NOVEMBER 12, 1969.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellants.

*Harris, Rolader & Nevel, Robert B. Harris,* for appellees.

MOBLEY, Presiding Justice. The appeal is from a judgment denying a motion to dismiss the complaint, which sought a temporary and permanent injunction, enjoining the defendants from leasing lands which the petitioners allege they own; and granting a temporary injunction.

The controversy arose when the members of the Mineral Leasing Commission of Georgia invited bids for the issuance of a mineral lease for dredging water bottoms in the Chattahoochee River, Fulton and Cobb Counties, upstream from Morgan Falls Dam between ordinary low water lines to Holcomb Bridge. The petitioners are owners of lands adjoining the Chattahoochee River in the area between Morgan Falls Dam and Holcomb Bridge, and their contention is that they own to the thread or middle of the river, and that the commission is offering to bidders a lease of lands owned by them. The issue is whether the petitioners own to the center of the river or to the low water mark, and this question is determined by whether the river is navigable.

*Code* §§ 85-1302, 85-1303, and 85-1304 provide: "The beds of streams not navigable belong to the owner of the adjacent land; if the stream of water is the dividing line, each owner is entitled to the thread or center of the main current; . . . A navigable stream is one capable of bearing upon its bosom, either for the whole or a part of the year, boats loaded with freight in regular course of trade. . . The rights of the owner of lands adjacent to navigable streams extend to low water mark in the bed of the stream."

The commission submitted an affidavit that the river is navigable between the points, and the property owners submitted an affidavit that it is not navigable.

■ The commission's position is that the complaint does not make a justiciable controversy, or a case, because they are only asking for bids for lease of the property, and whether a lease is ever executed is purely conjectural and speculative, that the allegations "of 'mere speculative or contingent injuries, with nothing to show that they will in fact happen,' do not support a prayer for injunction. *Rounsaville v. Kohlheim*, 68 Ga. 668 (45 AR 505); . . ." *Elder v. City of Winder*, 201 Ga. 511 (1) (40 SE2d 659). We do not agree with this contention.

"It is settled law that mere apprehension of danger or injury will not require equitable relief. [Citations.] This does not mean, however, that equitable relief will be denied where solid reasons are alleged and shown to justify the apprehension. It simply means that equity will not relieve against a bare apprehension where facts sufficient to justify the same are not alleged and proved." *Levine v. Perry*, 204 Ga. 323 (1) (49 SE2d 820).

The commission invited bids with the expressed intention of leasing the bottoms from the low water mark to the center of the river. The facts in this case show solid reasons to justify apprehension on the part of the property owners and carry the case beyond mere apprehension. The advertisement for bids for the lease of the property proclaims ownership thereof, which would impede sale of the property by the petitioners and result in incalculable injury to them.

There is no merit in the contention that the complaint failed to state a claim upon which relief could be granted.

■ Since the evidence submitted as to whether the river was navigable was conflicting, the court was authorized to grant an interlocutory injunction against the commission.

*Judgment affirmed. All the Justices concur.*