In the Matter of Brenda Walker CRADDOCK and Richard Brown Craddock, Debtors.

Bankruptcy No. A85–03667–ADK.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 30, 1986.

Paul H. Anderson, Jr., Gambrell, Clarke, Anderson & Stolz, Atlanta, Ga., for petitioner.

George M. Geeslin, Norton, Pennington, Goetz, Cronkright & Prior, Atlanta, Ga., for respondent.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled Chapter 7 bankruptcy case is before the Court on the Trustee's Objection to Debtors' Amended Claim of Exemption. A hearing was held on January 27, 1986 after which the Court took the matter under advisement. The Court finds this matter to constitute a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2). After considering the post-hearing briefs filed by the Parties, the Court makes the following findings of fact and conclusions of law.

The facts are not in dispute and can be summarized as follows. The Debtors are husband and wife. They filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on July 16, 1985. At the time the petition was filed, Debtor Brenda Walker Craddock had a balance of approximately $8,467.41 in an account in her name under an ERISA profit sharing plan maintained by her employer, The Citizens and Southern National Bank. This interest in the ERISA plan was not listed as an asset in the original bankruptcy schedules. In an Amendment filed September 16, 1985, the Debtors added this interest to Schedule B-3 (property not otherwise scheduled) and to Schedule B-4 (property claimed as exempt). The Amendment included the following paragraph.

> By addiing the above information to Schedules B-3 and B-4, the Debtor states that such is done only at the request of the Trustee and is without prejudice to Debtor's position that the interest in the subject profit sharing plan is not property of the estate and, if such is found to be property of the estate, such is exempt under the laws of the State of Georgia and applicable nonbankruptcy, federal laws.

Amendment to Voluntary Bankruptcy Petition at ¶ 3. The Debtor Brenda Walker Craddock is still presently employed by The Citizens and Southern Bank.

It is undisputed that the ERISA plan in question has the following features:

1. It is an ERISA-qualified plan, subject to the anti-alienation provisions of that Act. *See* 29 U.S.C. § 1056(d)(1).

2. On the date the bankruptcy petition was filed, Debtor Brenda Walker Craddock had no access to the fund.

3. An employee participating in the plan can only gain access to the fund upon termination of employment. As stated above, the Debtor Brenda Walker Craddock remains employed by The Citizens and Southern Bank.

4. Article 6.02 of the Plan provides for a hardship withdrawal of the employee's account under certain circumstances. However, the Debtors state that this particular provision has never gone into effect.

5. There is no provision allowing an employee to borrow against his interest in the fund.

6. Participation in the Plan is mandatory.

See Debtors' Letter Brief filed March 13, 1986 at 3.

The Trustee's Objection raises two legal issues, to wit:

A. Whether a debtor's interest in an ERISA-qualified profit sharing plan is property of the Chapter 7 bankruptcy estate; and

B. If the debtor's interest is included as property of the estate, whether that interest is subject to exemption.

The Court will consider these issues separately below.

## A. PROPERTY OF THE ESTATE

■ Section 541 of the Bankruptcy Code provides that

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Among the exceptions to this all-inclusive language is § 541(c)(2) which provides that

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Following other Circuits, the Eleventh Circuit Court of Appeals has interpreted § 541(c)(2) narrowly. "ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts." *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir. 1985)(citations omitted). The Debtors urge this Court to distinguish the present case from *Lichstrahl* on its facts. *Lichstrahl* involved a self-settled trust over which the debtor had a great amount of control. The case *sub judice*, on the other hand, involves an employer-settled trust over which the Debtors have little control. The Court, however, cannot ignore the plain language used by the Eleventh Circuit Court of Appeals quoted above. It is an unqualified statement that § 541(c)(2) excludes a trust from the bankruptcy estate *only* if that trust qualifies as a spendthrift trust under applicable state law.

An examination of the law regarding spendthrift trusts in Georgia, which governs this case, reveals that spendthrift trusts are created by statute. O.C.G.A. § 53–12–25 provides that

(a) Trust estates may be created for the benefit of any minor or incompetent person. Any person competent by law to execute a will or deed may, by such instrument duly executed, create a trust for a person of full age whenever in fact the person, *on account of mental weakness, intemperate habits, or wasteful and profligate habits, is unfit to be entrusted with the right and management of property,* provided the requirements of the law in all other respects are complied with....

(emphasis added). Therefore, a spendthrift trust in Georgia can only be created for a

person who suffers from one or more of the above-listed infirmities. A spendthrift trust cannot be created for the sole benefit of a person who is *sui juris*. *Arrington v. Hosemann*, 224 Ga. 592, 163 S.E.2d 722 (1968); *Stephens v. Stephens*, 218 Ga. 671, 676, 130 S.E.2d 208 (1963); *Munford v. Peeples*, 152 Ga. 31, 108 S.E. 454 (1921).

█ It is clear then that the ERISA-qualified pension plan in question is not enforceable in Georgia as a spendthrift trust. There have been no allegations made by the Debtors that Brenda Walker Craddock suffers from any of the disabilities set out in O.C.G.A. § 53–12–25. Therefore, the Court concludes that the Debtor Brenda Walker Craddock's interest in her ERISA-qualified pension plan is property of the bankruptcy estate within the meaning of § 541.

## B. EXEMPTION OF INTEREST IN ERISA–QUALIFIED PENSION PLAN

█ The Trustee maintains that the Debtor Brenda Walker Craddock may only exempt her interest in the ERISA-qualified pension plan to the extent of $5,400.00 as provided by O.C.G.A. § 44–13–100(a)(1) and (6). The Debtors argue that Brenda Walker Craddock may also exempt the remaining interest pursuant to O.C.G.A. § 44–13–100(a)(2)(E).

Section 44–13–100(a)(2)(E) provides an exemption in

A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The Trustee contends that the instant ERISA-qualified pension plan is, in fact, a profitsharing plan. The Court has previously held that a profitsharing plan is not exempt under O.C.G.A. § 44–13–100(a)(2)(E). *See In re Gillespie*, Case No. A85–01398–ADK (Bankr.N.D.Ga. Nov. 18, 1985). The Court has carefully examined the plan in question and finds it to be a plan to provide its participants with a pension rather than primarily a share in the profits of The Citizens and Southern National Bank. Participants in the Plan are eligible to receive benefits only upon termination of employment, which includes voluntary resignation, discharge by the employer, retirement, death, or permanent disability. *See* The C & S Profit Sharing Plan, Article Two at 12. As stated above, a participant cannot borrow against his interest in the plan, nor has the hardship withdrawal provision gone into effect. *See Id.* at Article 6.02.

█ Although the Court finds that the Plan in question is a pension plan, the Court must find that the Debtor Brenda Walker Craddock's interest in the plan is not subject to exemption under § 44–13–100(a)(2)(E). That section only exempts a *payment* under such a plan. In the case *sub judice*, the Debtors seek to exempt an interest in the Plan—not a payment under a Plan. This may appear to be a very literal reading of § 44–13–100(a)(2)(E), however, the Court believes it is what was intended by the wording of that section. *See Clark v. O'Neill (In re Clark)*, 711 F.2d 21 (3rd Cir.1983). The Court finds that a contrary holding would put the Bankruptcy Court in the position of guessing what a debtor's retirement needs would be in the future. As is demonstrated in the case *sub judice*, it would be impossible to estimate what would be "reasonably necessary" for the support of the Debtor Brenda Walker Craddock, who is relatively young, upon her retirement years from now.

█ Therefore, the Court finds that the Debtor Brenda Walker Craddock's interest in the ERISA-qualified pension plan at issue is not subject to exemption under § 44–13–100(a)(2)(E). This holding, however, does not automatically give the Trustee access to the fund. The Trustee succeeds to any rights the Debtor has in the property. Whether the Trustee can actually recover the value of the non-exempt portion of the fund is not before the Court and cannot be decided in the context of an Objection to Claim of Exemption where a representative of the fund is not a party.

## ORDER

In accordance with the reasoning above, it is the Order of the Court that the Trustee's Objection to Debtors' Amended Claim of Exemption be, and the same hereby is, SUSTAINED.