**In re Robert Brooks GRIGGS, a/k/a Brooks Griggs, Debtor.**

**Bankruptcy No. 88–40675–COL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

May 26, 1989.

Tina G. Stanford, Columbus, Ga., for debtor.

Ernest Kirk, II, Chapter 7 trustee, Columbus, Ga.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On March 24, 1989, a hearing was held on the Trustee's objection to Debtor's claim of exemptions.[1] In his opening statement, the Trustee withdrew his objection to the exemption of Debtor's pension plan, but

the profit-sharing plan and pension plan be disallowed and that the proceeds of said pension

left remaining the objection to the exemption of the Debtor's profit-sharing plan.[2] At the conclusion of the hearing, the issues before this court were:

(1) Whether the Debtor's interest in the profit-sharing plan was excluded from property of the estate pursuant to 11 U.S. C.A. § 541(c)(2).[3]

(2) If the Debtor's interest in the profit-sharing plan is property of the estate, whether the Debtor's interest is subject to exemption under O.C.G.A. § 44–13–100(a)(2.1)(B).[4] This court, having considered the evidence presented and arguments of counsel, now renders this Memorandum Opinion.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 28, 1988, and filed his schedule B–4 (property claimed as exempt). One of the items of property the Debtor claimed as exempt on said schedule was his "aggregate interest in retirement or pension plan or system" pursuant to O.C.G.A. § 44–13–100(a)(2.1)(B).[5] The Debtor contends that his interests in the profit-sharing and pension plans are excluded from property of the estate pursuant to § 541(c)(2) of the Bankruptcy Code.[6]

The Debtor is employed by Johnson, Lane, Space, Smith and Company which provides its employees with a pension plan and also a profit sharing plan (hereinafter Johnson, Lane plan) which are tax qualified employee benefit programs complying with 29 U.S.C.A. § 1001 et seq. (ERISA).[7] The Johnson, Lane plan is subject to the anti-alienation provision of ERISA, 29 U.S.C.A. § 1056(d)(1);[8] the Debtor can obtain access to the funds only upon termination of employment; there is no provision allowing

the Debtor to borrow against his interest in the fund; and participation in the plan is mandatory.

Section 541(a) of the Bankruptcy Code[9] provides that all property in which a debtor has any legal or equitable interest at the time of bankruptcy comes into the estate. Under this section, there is no doubt that the Debtor's profit-sharing plan would be property of the estate. However, there is a narrow exception in that § 541(c)(2) of the Bankruptcy Code provides "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *11 U.S.C.A. § 541(c)(2)* (West Supp.1989).

The Eleventh Circuit in *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985) has held "that 'applicable nonbankruptcy law' refers only to state spendthrift trust law ... [and] ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts." In *Lichstrahl*, the Eleventh Circuit interpreted Florida law and held that the debtor's interest in a pension plan was not excluded pursuant to § 541(c)(2) of the Bankruptcy Code since the pension plan was not a spendthrift trust under Florida law. *Id.* at 1490. The court noted that the trust was a self-settled trust over which the Debtor had a great amount of control.

The Eleventh Circuit in *Lichstrahl* has drawn a narrow interpretation of § 541(c)(2) of the Bankruptcy Code[10] in that ERISA type plans will only be excluded from property of the estate if they are enforceable under state law as spendthrift

and profit-sharing plan be delivered to the Trustee.

2. The year-end profit-sharing statement of December 31, 1987, showed a balance of $58,-805.00. One-half of this amount was awarded to the Debtor's ex-wife pursuant to a divorce decree. As of July, 1988, the profit-sharing had increased approximately five per cent leaving the Debtor's interest at approximately $30,-800.00.

3. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

4. O.C.G.A. § 44–13–100(a)(2.1)(B) (Supp.1988).

5. *See supra* Note 4.

6. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

7. 29 U.S.C.A. § 1001 et seq. (West Supp.1989).

8. 29 U.S.C.A. § 1056(d)(1) (West Supp.1989).

9. 11 U.S.C.A. § 541(a) (West 1979 & Supp.1989).

10. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

trusts. *Id.* at 1490. *See also In re Swanson,* 873 F.2d 1121 (8th Cir.1989); *In re Goff,* 706 F.2d 574 (5th Cir.1983); *Matter of Lawson,* 67 B.R. 94 (Bankr.M.D.Fla. 1986); *In re Graham,* 24 B.R. 305 (Bankr. N.D.Iowa 1982) aff'd, 726 F.2d 1268 (8th Cir.1984).

Other courts have rejected this reasoning and have held that the Debtor's interest in ERISA type plans are excluded as property of the estate pursuant to § 541(c)(2) of the Bankruptcy Code.[11] *In re Threewitt,* 24 B.R. 927 (D.Kan.1982); *In re Pruitt,* 30 B.R. 330 (Bankr.D.Colo.1983); *In re Holt,* 32 B.R. 767 (Bankr.D.Tenn.1983). These cases have given a broad interpretation to § 541(c)(2) of the Bankruptcy Code [12] in its ability to exclude a debtor's interest in an ERISA type plan since that interest is beyond the reach of the debtor's creditors. The court in *Threewitt* noted it was "persuaded that Congress intended that general creditors not reach a debtor's interest in an ERISA pension fund and intended to preempt any state law to the contrary." *Threewitt,* 24 B.R. at 929.

This court is bound by the Eleventh Circuit decision in *Lichstrahl, supra.* as it interprets nonbankruptcy law to refer only to state spendthrift trust law. *Lichstrahl,* 750 F.2d at 1490. The Bankruptcy Court in *Matter of Craddock,* 62 B.R. 583 (Bankr.N. D.Ga.1986) interpreted Georgia spendthrift trust law and held that the debtor's interest in an ERISA-qualified profit sharing plan [13] was not excluded pursuant to § 541(c)(2) of the Bankruptcy Code,[14] and therefore was property of the estate.[15] This decision was appealed to the District Court and reversed on appeal. *Craddock v. Anderson,* No. C86–1815 A (N.D.Ga. Dec. 31, 1986).

The District Court in *Craddock* interpreted O.C.G.A. § 53–12–3(a) [16] as providing that an enforceable trust can be created for the sole benefit of a person who is sui juris. *Moore v. First Nat'l Bank & Trust Co. of Macon,* 218 Ga. 798, 801, 130 S.E.2d 718, 720 (1963). The District Court in *Craddock* left the question open as to whether Georgia law permits the creation of a spendthrift trust for a person who is sui juris, but interpreted the legislative history of § 541(c)(2) of the Bankruptcy Code [17] to indicate that " 'spendthrift trust' ... is merely shorthand for Congress' focus on whether the debtor's interest in a trust could be reached by his creditors [under applicable state law]." *Craddock,* No. C86–1815 A at 6. *Craddock* interpreted the decision in *Lichstrahl* to view the purpose of the spendthrift trust as one to protect the beneficiary from himself and his creditors. *Lichstrahl,* 750 F.2d at 1490.

Therefore, the District Court in *Craddock* examined Georgia law and found that the debtor's interest in the ERISA plan could not be reached by her creditors. The court looked at both legal and equitable remedies. The court in *Craddock* noted "[l]egal remedies would be futile because 'Georgia law ... does not allow property held in trust to be levied upon by creditors, judgment or otherwise, of a beneficiary of the trust'." *Craddock,* No. C86–1815 A at 7 (quoting *Smith v. Francis,* 221 Ga. 260, 265, 144 S.E.2d 439, 444 (1965)). As to equitable remedies, the court noted these "are available only if the debtor's interest is alienable." *Id.* at 7 (citing *Henderson v. Collins,* 245 Ga. 776, 779–81, 267 S.E.2d 202, 205–07 (1980)). Therefore, the court in *Craddock* concluded that the debtor's interest in the profit sharing plan was enforceable under applicable nonbankruptcy law because it was beyond the reach of creditors under state law. *Craddock,* No. C86–1815A at 6.

---

11. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

12. *See supra* note 11.

13. The facts in *Craddock* are very similar to the instant case in that the profit sharing plan was an ERISA-qualified plan subject to the anti-alienation provisions of ERISA, and employees participating in the plan could only gain access to the funds upon termination of employment.

14. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

15. The court concluded that the spendthrift trust law in Georgia cannot be created for the sole benefit of a person who is sui juris.

16. O.C.G.A. § 53–12–3(a) (Supp.1989).

17. 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

This court is persuaded by the District Court's reasoning in *Craddock* and therefore holds that the Debtor's interest in the Johnson, Lane plan is excluded pursuant to § 541(c)(2) of the Bankruptcy Code.[18]

Since the Debtor's interest in the Johnson, Lane plan is excluded from property of the estate pursuant to § 541(c)(2) of the Bankruptcy Code[19], the court does not reach the issue of whether under O.C.G.A. § 44–13–100(a)(2.1)(B)[20] the Debtor's interest could be exempted.

An order in accordance with this Memorandum Opinion is attached hereto.

## ORDER

In accordance with the Memorandum Opinion entered this date, the Trustee's objection to the Debtor's claim of exemption in the Johnson, Lane profit sharing plan is overruled, since the Debtor's interest in the Johnson, Lane profit sharing plan is excluded from property of the estate pursuant to § 541(c)(2) of the Bankruptcy Code.[1]

SO ORDERED.

---

**18.** 11 U.S.C.A. § 541(c)(2) (West Supp.1989).

**19.** See supra note 18.

**20.** O.C.G.A. § 44–13–100(a)(2.1)(B) (Supp.1988).

**1.** 11 U.S.C.A. § 541(c)(2) (West Supp.1989).